UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ASHU SHUKLA,

                Plaintiff,

           -against-

APPLE, INC.; DELOITTE CONSULTING, LLP,

                Defendants.

21-CV-3287 (LTS)

ORDER DIRECTING PAYMENT OF FEE BALANCE

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff brings this action *pro se*. To proceed with a civil action in this Court, a plaintiff must either (1) request authorization to proceed without prepaying fees, that is, *in forma pauperis* (IFP), by submitting a signed IFP application, *see* 28 U.S.C. §§ 1914, 1915, or (2) pay a $350.00 filing fee, plus an administrative fee. Effective December 1, 2020, the administrative fee increased from $50.00 to $52.00, bringing the total fees to commence a new action to $402.00.

      Because Plaintiff's complaint was filed after the administrative fee increase took effect, the applicable fees for this action are $402.00, but Plaintiff submitted the complaint with a certified check for $400.00. Accordingly, the Court directs Plaintiff, within 30 days, to send a $2.00 certified check or money order to the following address: United States District Court for the Southern District of New York, Attn: Cashier, 500 Pearl Street, Room 260, NY, NY 10007.

      The Court further directs the Cashier's Unit to hold Plaintiff's $400.00 certified check for 30 days from the date of this order. If the Court receives Plaintiff's $2.00 certified check or money order within this period, the case shall be processed in accordance with the procedures of the Clerk's Office. If the Court does not receive Plaintiff's certified check or money order with payment of the $2.00 balance within the time allowed, then: (1) the $400.00 certified check that

Plaintiff submitted will be returned to Plaintiff, and (2) the complaint will be dismissed without prejudice to Plaintiff's refiling the complaint, together with the proper fees or an IFP application.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: April 16, 2021
       New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge