**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------X

ASHU SHUKLA,                                                    **Index No.:**
                                                               **1:21-CV-03287-JMF**

                          Plaintiff,


             -against-                                          **NOTICE OF APPEAL**


APPLE INC,

DELOITTE CONSULTING LLP,

                    Defendant.

-----------------------------------------------------X


## NOTICE OF APPEAL (WRIT OF MANDAMUS)
## FOR PLAINTIFF'S MOTION FOR DISQUALIFICATION OF JUDGE AARON

PLEASE TAKE NOTICE AND/OR BE ADVISED that on August 31st 2021, the Plaintiff of this case, Ashu Shukla, case# *1:1-CV-03287-JMF,* hereby appeals to the Court of Appeals for the Second Circuit to grant his Motion to disqualification of Judge Aaron form this case.

The Court of Appeals for the Second Circuit has jurisdiction of this case on appeal, as this motion was incorrectly denied by the District Court Southern District of New York (SDNY). The Court orders cited on this Notice to Appeal include order# *31, 33, 37* on the court docket. The Clerk of Court is requested to please omit nothing from the record on appeal.

The plaintiff would like to highlight the following facts, case law citations and arguments on his notice of Appeal:

I am the plaintiff on the Shukla vs. Apple Inc., Deloitte case at SDNY case# 1:21-cv-03287-JMF. Plaintiff is in receipt of another biased court order by Judge Furman (doc# 37). As evident from

1

plaintiff's response, such court orders appear to be unreasonable. The plaintiff has shown a has shown a reasonable possibility of defendant Deloitte Consulting LLP's agents' influence on the court.[1]

It appears that one of the objectives of Judge Furman's court order# 37 was to ensure that Magistrate Judge Aaron made an appearance on the case and held an order on the case docket (see order# 40) such that his prior orders on plaintiff's employment lawsuit become effective on this related lawsuit. Based on the recent court order# 40, it appears that Magistrate Judge Aaron intends to **knowingly provide additional time** to defendants Apple and Deloitte Consulting LLP and **purposely delay** their timely reply / response to plaintiff's complaint beyond September and into October 2021 to **further support the business interest of Deloitte**. Judge Aaron's **discriminatory motivation** is evident on this case especially given the fact that Magistrate Judge Aaron incorrectly denied plaintiff's claims for negligence, aider and abettor, labor law violation and gender discrimination claims – which are directly tied to this well pleaded complaint.

I.   **Judge Nathan's Order# 323 on plaintiff's employment lawsuit is conclusionary and without merits**:

---

[1] The person identified by the plaintiff, Joanna Rohde, representing Deloitte Consulting LLP has identified herself as a DOJ agent. Dismissal of a lawsuit is a very small price to pay for the life, liberty and right for justice of an individual. The court must also note that the plaintiff is neither perturbed nor disturbed or threatened by the actions of a few individuals who intend to abuse the judicial process on the name of saving a few pennies for Deloitte – a firm that earns more than $50 Billion USD per year.

A rational observer may identify that Judge Nathan's Order# 323 on plaintiff's employment lawsuit, case# 1:19-cv-10578-AJN is conclusionary and without merits. For example, the plaintiff identified 5-factors which Judge Aaron failed to consider on his ruling pursuant to Rule 41 of the Federal Rules of Civil Procedure. The exact same set of facts, case law and inference were identified on plaintiff's motion for reconsideration of recusal (doc# 35) on this case, however, Judge Furman, instead of conducting his own analysis, denied the filing as frivolous. The court must identify specific reasons for denial of a valid Motion, and conclusionary statements do not hold ground.

**First**, when a party denotes a motion as non-frivolous, based on case law and facts, there is absolutely no basis for the Court to deny the same motion as "Frivolous". The plaintiff has aptly identified specific case law and citations that have directly challenged all of previous identical orders by Judge Furman on this case (and for that matter Judge Nathan Alison on plaintiff's employment complaint).

**Second**, the plaintiff filed one motion for deposition of Dr. Niti Aggarwal (doc# 300), and one-motion for reconsideration for the same (doc# 317). Per the court order (doc# 319), the plaintiff filed a single reply (doc# 322) to defendant's response on the motion. Thus, Judge Nathan Alison **erred** in identifying that the plaintiff has filed **several motions on the exact same issue** (id). The fact remains that the plaintiff filed **ONE Original Motion** and **ONE Reconsideration Motion** on this issue. On his Motion for reconsideration, the plaintiff requested the court to present him with a subpoena to take deposition of Dr. Aggarwal, however, the court overlooked plaintiff's request. The plaintiff could depose Dr. Aggarwal, however, **the court** considered only deposition by the

defendant on the matter and **failed to consider deposition by the plaintiff**. Thus, dismissal of a case in filing a Motion for Reconsideration is a drastic step that not only presents bias by a district court judge, but also presents injustice.

**Third**, the plaintiff has demonstrated extreme bias by Magistrate Judge Aaron to Judge Furman. However, since each of Judge Furman's orders have dismissed plaintiff's arguments as frivolous, and since each such order has failed to provide any further logical or rational explanation of denial, it is plaintiff's legal right to file a Motion for reconsideration pursuant to Court order by Judge Nathan (**doc# 267**). On her court order, Judge Nathan has clearly identified that the plaintiff may appeal to a denial by filing Motion for Reconsideration (sic).

**Fourth**, Post **Order# 267 (page# 8 & 9)** on plaintiff's employment lawsuit, the plaintiff has not violated any Federal Rules or Local Rules practiced by the Southern District of New York on his court filings, and has adhered to the very guidelines presented by Judge Nathan. The order clearly states "The Plaintiff may only challenge the rulings in this Court through the following methods: (1) a motion for reconsideration or (2) an objection (for Judge Aaron's orders) or (3) an appeal to the Second Circuit (for the Undersigned's appealable orders)", and each of plaintiff's filings have specifically adhered to such guidelines. In fact, Judge Nathan erred in stating that the plaintiff did not adhere to these very guidelines on her order# 323, which clearly **demonstrate bias** and **misrepresentation of facts** by Judge Nathan.

**Fifth**, on her own orders, Judge Nathan has clearly stated that plaintiff's Motion to Vacate would be considered as Motion for Reconsideration pursuant to Federal Rules of Civil Procedure Rule

72 (example order# 319), which clearly overrule her own decision on doc# 323 which state that plaintiff's Motion to Vacate was incorrectly filed. Furthermore, on each such motion, Judge Nathan has failed to make a **<u>de novo determination</u>** of those portions of the report or specified proposed findings or recommendations to which objection is made. Thus, the plaintiff, just like any rational observer, has every reason to challenge such a court order held without proper analysis or <u>without de novo determination</u> of his legal arguments.

**<u>Sixth</u>**, rather than make a proper de novo determination of plaintiff's Motion, in order to serve the business interests of Deloitte Consulting LLP Judge Nathan held that "*The Court finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962)*". Such gender motivated frivolous orders to potentially save a large firm from litigation is deeply concerning, especially when the firm portrays that they intend to potentially limit additional lawsuit from their own employees who, as a matter of fact, aided and abetted human resource professionals in their malicious acts.

## II.   Judiciary is being misused to provide false and improper defense to Deloitte Consulting LLP:

Court order on case 1:21-cv-03287-JMF, order# 37, has been clearly placed to help protect Deloitte from plaintiff's Motion# 64 on his employment lawsuit case# 1:19-cv-10578-AJN filed in the month of August 2020.

Based on the court order and the analysis of the cited case *Gertskis v. New York Department of Health (2014 WL 2933149)*, it appears that the court order has been specifically placed to help protect the internal coordination between Deloitte HR professionals like Joanna Rohde and Sriram Ramamurthy. Specifically, in August 2020, the plaintiff filed a Motion requesting for expedited discovery and deposition of Sr. Manager Sriram Ramamurthy. Mr. Ramamurthy approached the plaintiff shortly after the plaintiff filed his ethics complaint in early 2018 requesting for employee details from his ethics complaint (refer doc# 64). In August 2020, Magistrate Judge Aaron denied plaintiff's motion for expedited discovery, and Mr. Ramamurthy was thereafter transferred from Deloitte Consulting LLP to a different firm.

Based on Judge Aaron's biased decision, since the plaintiff was unable to uncover new evidence, the citation and application of *Gertskis v. New York Department of Health (2014 WL 2933149)* case **immediately becomes questionable**, because in the *Gertskis* case [2] the court cited that "newly discovered evidence does not preclude the application of res judicate unless evidence was either **fraudulently concealed** or **could not have been discovered with due diligence**" (id). Altogether, the *Gertskis* case has been cited by courts to (a) identify use of documentary evidence in prior litigation between the same parties, and (b) applicability of *Res Judicata* on that very specific instance. (*see Thoman vs. New York City Department of Education, case# 15-cv-08934-JMF*).

---

[2] Gertskis was discriminated and retaliated against by his employer New York Department of Health & Mental Hygiene. Plaintiff's initial wrongful employment termination case was dismissed in year 2009, and the plaintiff refiled the same case in 2013. However, his claims were barred by res judicata.

Based on Deloitte's motion practice, and this court continuing support to Deloitte to conceal the protected characteristics of women employees such that the terminated male employees may not **<u>hypothetically</u>** file a lawsuit against Deloitte, it is clear that Deloitte intends to invoke the *Gertskis* case citation on their upcoming Motion to Dismiss pursuant to Rule 12(b)(6). However, the court must note that on plaintiff's employment lawsuit, documentary evidence has not been provided in -support or in-opposition to defendant's Motion to Dismiss pursuant to Rule 12(b)(6). Thus, the court does not have the ability to use the *Gertskis* case to dismiss plaintiff's discrimination claims that provide a direct inference of gender-based discrimination or negligence.

Specifically, the Southern District of New York court approved plaintiff's claims under discrimination based on race and national origin, and retaliation in November 2020. Since Deloitte intentionally and knowingly transferred employees like Mr. Nagaraja and Mr. Ramamurthy, and since Deloitte has very recently specifically invoked Res Judicata on the employment lawsuit as a defense, the facts remain "<u>Fraudulently Concealed</u>" or "<u>Could have been discovered with due diligence but was not</u>".

Hence, the defendant's defense usage the <u>doctrine of Res Judicata becomes invalid</u>, specifically because Deloitte Consulting LLP used Sr. Manager Binu Janardhanan to file baseless and fraudulent allegations against the plaintiff has identified by the defendant on their document production, and defendant transferred key witnesses to other firms. Plaintiff's allegations clearly contradict Mr. Janardhanan's assertions filed specifically to suit the business interests of Deloitte[3].

---

[3] Deloitte's interest on the matter, first by promoting employees Binu Janardhanan and Ashley Scorsatto in 2018, and then by sponsoring Mr. Janardhanan's business education (MBA) further provide an inference of discrimination against the plaintiff. The plaintiff was clearly singled out as identified on the merits of the complaint.

Upon knowledge and belief, Mr. Janardhanan was recently transferred from Deloitte US to another foreign Deloitte office, in an effort to limit Deloitte's liability on the matter [4].

Because evidence on such issues has been fraudulently concealed, such actions by Deloitte Consulting LLP and Magistrate Judge Aaron **directly provide the plaintiff an opportunity to file an amended complaint** and **include such allegations** pertaining to claims already approved by the court.

Judge Furman must also note that since the issue was fraudulently concealed by Deloitte and not raised pending due diligence, the defense of res judicata is not applicable. *Tompkins v. Local 32BJ, SEHHU, No. 11-cv-0414 (KBF), 2012 WL 1267876 at 3 (SDNY Apr 12 2012).* Also, the claim preclusion doctrine is also invalid on this case because the court has already approved such claims under similar allegations.

## III.     Pattern of biased court orders, without proper analysis by Judge Furman:

**Motion# 1:** Motion for Disqualification of Magistrate Judge Aaron (doc# 24)

**Date Filed: 06/10/2021**

| Legal Basis of Plaintiff's Motion | Date / Reason for Denial |
|---|---|
|  |  |

---

[4] Previously, Deloitte has transferred Partner Deborshi Dutt to UK office to achieve the exact same objective. However, since such allegations have clearly been filed previously, Deloitte cannot escape any future liability because the evidence on similar issues were fraudulently concealed or could have been discovered with due diligence.

| | |
|---|---|
| Magistrate Judge Aaron abused his discretion in more than 10 court orders (*see declaration in support doc# 25*). Total 38 different reasons for disqualification of Judge Aaron were cited on ***doc# 25*** | **Date of Denial: 06/21/2021 (docket order# 28)** <br> **Reasons Presented:** <br><br> The court cited "*Mr. Shukla's motion — which is based solely on Magistrate Judge Aaron's rulings in Shukla v. Deloitte Consulting LLP, No. 19-CV-10578 (AJN) (SDA) ("Shukla I") — is DENIED as patently frivolous*". |
| Judge Aaron's Motivation in intentionally denying plaintiff's valid motion were cited in the Memorandum of Law. Total 6 sets of Motivations were cited on ***doc# 26*** | No valid reasons were presented by the court on their conclusionary decision. Two unrelated cases with no connection whatsoever to plaintiff's case were cited - *Williams v. City Univ. of N.Y., 633 F. App'x 541, 544 (2d Cir. 2015); Gallop v. Cheney, 645 F.3d 519, 521 (2d Cir. 2011)* |
| Judge Aaron's incorrect denial of plaintiff's gender discrimination claims, including mandate and precedence by the US Supreme Court and US Court of Appeals for the Second Circuit were identified in plaintiff's Memorandum of Law. Total 17 different case law citations were identified on ***doc# 26 Pages 8 – 12*** | On the court order, there was no analysis or mention of the background of the motion, no mention of the legal standards cited or applied. There was no discussion section. In fact the court failed to consider the very essence of plaintiff's motion, failed to identify even one argument that Magistrate Judge Aaron could withstand. Such conclusionary denial can be inferred as a questionable judgement by Judge Furman's court. |
| Judge Aaron's incorrect denial and clear abuse of discretion of plaintiff's hostile work environment claims, including mandate and precedence by the US Supreme Court and US Court of Appeals for the Second Circuit were identified in plaintiff's Memorandum of Law. Total 13 different case law citations were identified on ***doc# 26 Pages 12 - 15*** | In a **blatant disregard** to plaintiff's civil and constitutional rights, Judge Furman mentioned "*Indeed, Mr. Shukla's motion is so frivolous as to be sanctionable*". **Judge Furman should have conducted a comprehensive analysis and** |
| Judge Aaron's incorrect denial and clear abuse of discretion of plaintiff's negligence | |

claims, aider and abettor claims, and violation of New York Labor Laws, including case law, citation on similar cases, mandate and precedence by the US Supreme Court and US Court of Appeals for the Second Circuit were identified in plaintiff's Memorandum of Law. Total 15 different case law citations were identified on **_doc# 26 Pages 15 – 20_**

Judge Aaron's incorrect denial of plaintiff's discovery motions and requests, including most recent discovery request and court order# 251, were identified on plaintiff's memorandum of law. The plaintiff identified 5 sets of arguments and 12 case law citation on **_doc# 26 Pages 20 – 26_**.

There was no legal basis or rational argument made by Judge Aaron on his decision, and his biased decision including his order on depositions prior to completion of paper discovery was a clear abuse of discretion

**presented more rational and unbiased reasons for denial of plaintiff's very first motion on this case.**

Judge Furman further declared that "Making matters worse, he (the plaintiff) peppers his papers with insolent references to Court personnel, baselessly accusing "**_female court clerks" of harboring anti-male bias_**, ECF No. 24, at 6-7". However, the plaintiff stated this argument in accordance to the precedence set by the Second Circuit Court of Appeals on Doe v. Columbia, 831 F.3d at 58 n.11. On the Doe case, the US Court of Appeals for the Second Circuit reasoned that it was plausible that the university was motivated to "favor the accusing female over the accused male" in order to demonstrate its commitment to protecting female students from male sexual assailants. Similarly, the plaintiff argues that Judge Aaron's clerk, Miss Alison Martin, is harboring such motivation to favor Deloitte Consulting LLP and their accusing female over the male plaintiff, in order to demonstrate its commitment to protecting females.

In addition, by overlooking facts and the precedence set by higher courts, it is plausible that Miss Alison Martin is harboring such motivation to favor Deloitte Consulting LLP and its female employees from the male plaintiff and male Deloitte employees mentioned on plaintiff's

complaint who were terminated by Deloitte and who are within one year statute of limitations prior to the court order dated 06-21-2021

Judge Furman overlooked the precedence set by the US Court of Appeals on the exact same issue as cited by the plaintiff on his Memorandum of Law (doc# 26).

Then Judge Furman **inappropriately interpreted** plaintiff's statements and identified that plaintiff "*snidely described Magistrate Judge Aaron as "famous and charismatic*," ECF No. 25 ¶ 17"

Judge Furman then announced that "*The Court will not impose sanctions on Mr. Shukla at this time given that he has not been previously warned in this case about the use of such language or the filing of baseless requests*". However, the plaintiff did not use any derogatory language, but in fact presented facts and case law in accordance to the Federal Rules of Civil Procedure and local rules.

Thus, it is clear that Judge Furman (a) repeatedly abused his discretion, (b) failed to identify relevant facts to support his arguments, (c) failed to analyze plaintiff's facts, case law citation and precedence by higher courts, and (d) held a biased decision to support his colleague.

**Motion# 2:** Motion for Reconsideration for Disqualification of Magistrate Judge Aaron (doc# 29, 30)

**Date Filed: 07/11/2021**

| Legal Basis of Plaintiff's Motion | Date / Reason for Denial |
|---|---|
| The Plaintiff argued that on his Motion for disqualification of Judge Aaron, the plaintiff has presented the very same legal arguments on the merits of his Fourth Amended Complaint which **was and still is pending** before Judge Nathan on his employment lawsuit (*doc# 282*). The plaintiff provided exhibits as evidentiary support.<br><br>The plaintiff argued that he had shown a reasonable possibility that the Magistrate Judge has (a) abused its discretion, (b) denied plaintiff's right to due process, and (c) right to equal protection under the United States Constitution.<br><br>Plaintiff argued that defense attorneys themselves acknowledged the validity and veracity of plaintiff's gender discrimination claims on the May 13th 2021 court conference call. The plaintiff also identified that Deloitte HR representatives acted with **Motive and Intentionally discriminated against the plaintiff.** | **Date of Denial: 07/13/2021 (docket order# 31) Reasons Presented:**<br><br>The court ordered that "The motion to reconsider is DENIED as frivolous". No further justifications or reasons were provided.<br><br>Facts and legal arguments presented by the plaintiff were overlooked by the court.<br><br>It is easy for a rational observer to conclude that such orders are clearly being held to abuse the pro-se plaintiff's civil and constitutional rights and to provide support to Deloitte's business objectives. |

The Plaintiff provided additional facts that support abuse of discretion by Magistrate Judge Aaron, specifically that Judge Aaron overlooked more than 100 specific deficiency items on plaintiff's request for production of document served to the defendant from year 2019 onwards, that plaintiff's timely served eighth request for production of documents to defendant was incorrectly denied by Judge Aaron which provide **direct inference** that by denying plaintiff's **negligence**, **aider and abettor**, **violation of New York Labor Law** and **gender discrimination claims,** Judge Aaron intends to provide judicial immunity to Deloitte and certain employees of Deloitte

Since **Judge Aaron** has maintained a **discriminatory motivation** towards the plaintiff and has **violated of Plaintiff's Civil and Constitutional Rights**, such acts support plaintiff's Notice to Judge Aaron that the plaintiff would be filing a lawsuit against him.

The plaintiff also identified a bunch of pending motions before the court. Based on the recent court order# 40, it appears that Magistrate Judge Aaron intends to **knowingly provide additional time** to defendants Apple and Deloitte Consulting LLP and **purposely delay** their reply / response to plaintiff's complaint beyond September and into

13

| | |
|---|---|
| October 2021 to **further support the business interest of Deloitte** (specially given the fact that Magistrate Judge Aaron incorrectly denied plaintiff's claims for negligence, aider and abettor, labor law violation and gender discrimination claims – which are directly ties to this well pleaded complaint) | |

**Motion# 3:** Motion for Reconsideration for Disqualification of Magistrate Judge Aaron (doc# 32)

**Date Filed: 07/27/2021**

| Legal Basis of Plaintiff's Motion | Date / Reason for Denial |
|---|---|
| The plaintiff identified that Judge Furman must provide a legal and rationale basis for denial of plaintiff's valid Motion.<br><br>The plaintiff had presented a reasonable basis for fact and law on his motion for reconsideration, and such basis cannot be held as frivolous. The plaintiff presented **fifteen (15) different case law citations** by the US Supreme Court and the US Court of Appeals which have identified the **frivolousness issue** in plaintiff's favor. The plaintiff presented three main reasons why plaintiff's filing cannot be denied as frivolous. | **Date of Denial: 07/29/2021 (docket order# 33)**<br>**Reasons Presented:**<br><br>The court ordered that "The motion to reconsider is DENIED as frivolous". *Shukla v. Apple Inc., No. 21-CV-3287 (JMF), 2021 U.S. Dist. LEXIS 115216, at \*1-2 (S.D.N.Y. June 21, 2021) (ECF No. 28)* (denying motion to disqualify as "patently frivolous" because it was "based solely on Magistrate Judge Aaron's rulings in *Shukla v. Deloitte Consulting LLP, No. 19-CV-10578 (AJN) (SDA) ('Shukla I')"* (citing *Williams v. City Univ. of N.Y., 633 F. App'x 541, 544 (2d Cir. 2015) (summary order); Gallop v. Cheney, 645 F.3d 519,* |

On document 32-2, the plaintiff further identified 10+ different facts which indicate that Judge Aaron has **failed to draw reasonable inferences on plaintiff's employment lawsuit**. Such continuing pattern of failure to provide reasonable Judgements (inferred to indirectly support defendant's business objectives) amount to abuse of discretion and support recusal.

The plaintiff further identified with a reasonable possibility that Deloitte intends to conceal recruitment fraud against its own employees (such as the plaintiff and potentially Kartik Nagaraja).

The plaintiff further identified ten (10) different reasons that Deloitte Consulting LLP intends to **intentionally exhaust** the one-year statute of limitations on court orders that granted plaintiff relief.

*521 (2d Cir. 2011) (per curiam)).* Shukla's motion to reconsider is once again DENIED as frivolous

The court held that "the Court does not and has not intimated any views one way or the other about the merits or lack thereof of the claims in this case".

However, Judge Furman failed to consider the additional facts and Judge Aaron's failure to draw reasonable inferences. Specifically, Judge Aaron overlooked the guidelines provided by superior courts on the matter - To survive a Rule 12(b)(6) motion, a plaintiff must generally plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).* A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).* Plaintiff's claims on his Fourth Amended Complaint were well pleaded and plausible, however, Judge Aaron overlooked facts as identified on plaintiff's Motion for disqualification (doc# 25).

**Motion# 4:** Motion for Reconsideration for Disqualification of Magistrate Judge Aaron (doc# 34)

**Date Filed: 08/13/2021**

| Legal Basis of Plaintiff's Motion | Date / Reason for Denial |
|---|---|
| The plaintiff identified that Magistrate Judge Aaron's attitude and state of mind leads a detached observer to conclude that a fair and impartial hearing on this case is unlikely, and thus Judge Aaron must be disqualified Liteky v. U.S 114 S. Ct., 1147, 1162 (1994) | **Date of Denial: 08/25/2021 (docket order# 37)** **Reasons Presented:** |
| | The court made multiple baseless and unsubstantiated arguments on plaintiff's employment lawsuit. Each such motion on plaintiff's employment lawsuit was properly filed by the plaintiff with due consideration of the guidelines presented by Judge Nathan on her order# 267. |
| The Plaintiff identified that female HR members at Deloitte such as Joanna Rohde, Brenda Arends, Katie Tiller Whittenbraker, Shanah Setzen, Aileen Baxter, Amye Hanes etc. **aided and abetted each other** on their pursuit to save themselves from any professional liability (under the cloak of saving Deloitte from any Partner or firm liability). Such individuals are skilled in deception, motivated and paid by Deloitte to limit firm liability, and have vested malicious interests. | Judge Furman's August 2021 order appears to be motivated **to serve the business interests** of firm Deloitte Consulting LLP, which terminated employees identified on plaintiff's employment complaint in August 2020. |
| | The Court held that "Shukla will not be afforded in this litigation as many chances to conform his conduct to appropriate standards as he would have been had this case been filed in a vacuum. Instead, considering the record in *Shukla I* and the record in this case together, the Court will not hesitate to dismiss the case if Shukla files any more frivolous motions to disqualify Magistrate Judge Aaron or motions for reconsideration of the Court's earlier denial of such a motion; nor will the Court hesitate to dismiss the case if Shukla fails to comply with |
| The plaintiff identified that unrelated Cases Cited by Judge Furman (*Williams v. City Univ. of N.Y., 633 F. App'x 541, 544 (2d Cir. 2015) (summary order); Gallop v. Cheney, 645 F.3d 519, 521 (2d Cir. 2011) (per curiam)*) neither have any significance nor provide any basis for denial of plaintiff's valid motion for disqualification. | |

On the *Gallop complaint*, the plaintiff alleged that former senior government officials caused the September 11, 2001 attacks against the United States in order to create a political atmosphere in which they could pursue domestic and international policy objectives. Plaintiff's motion for disqualification of Judge Aaron is fact based and nowhere related to this frivolous Gallop complaint.

The plaintiff further demonstrated extreme bias and favoritism by Judge Aaron, and highlighted a deliberate pattern of bias on over 20 orders on plaintiff's employment lawsuit.

The plaintiff further cited ten (10) different case citations that support or provide reasoning why Deloitte's res judicata or collateral estoppel defense is invalid.

The plaintiff identified that congress has provided the plaintiff with private right of action pursuant to 42 U.S.C. § 12188 (a), however such law and case citations were overlooked by Judge Aaron.

Plaintiff highlighted that it is reasonable for a disinterested observer to conclude that Deloitte Consulting LLP has indulged in both

the Court's Orders. For avoidance of doubt: Shukla may not file any further motions for reconsideration of the Court's denial of the motion to disqualify Magistrate Judge Aaron".

However, the **plaintiff has every right to challenge** a biased Judgement held without proper analysis or explanation. Instead of disqualifying Judge Aaron, Judge Furman's has served Deloitte Consulting's objective of having Judge Aaron present a court order on this docket, to further support his 20+ biased orders on plaintiff's employment lawsuit.

The plaintiff was required to demonstrate extreme bias by Judge Aaron in order to support his motion for disqualification, which was duly presented by the plaintiff on motion for reconsideration # 34.

The court order (doc# 37) held by Judge Furman is vexations [also attached as Exhibit G).

The case citation - Gertskis v. New York Dep't of Health & Mental Hygiene, No. 13-CV-2024 JMF, 2014 WL 2933149, at *6-7 (S.D.N.Y. June 27, 2014) has no relevance whatsoever with this case. As explained earlier, on the Gertskis case, Gertskis an employee who was discriminated by his employer New York Dept. of Health brought a wrongful termination case in 2008 which was dismissed in 2009. The Plaintiff again filed the

| | |
|---|---|
| suppression of evidence and fraudulent concealment of material facts on this case. | lawsuit in 2013 without proper supporting evidence (as identified earlier) and his lawsuit was again dismissed in 2014 with a litigation bar on the exact same claims. This is not what we have here, and **there is no basis or relation of plaintiff's case with the Gertskis case**.<br><br>Judge Furman is further advised to refrain from citing **frivolous or baseless case citations** as identified on order# 31, 33 and 37. |

## IV.    Fraud upon the court make each such biased Judgement entered by the court "Void"

"Fraud upon the court" makes void the orders and judgments of that court. It is known that if the parties guilty of fraud in obtaining a judgement...it will deprive them of the benefit of it. *McDaniel v. Traylor, 196 U.S 415, 423.* Judgements held under such circumstances under the due process clause of the Fourteenth Amendment and upon principles of natural justice are absolutely void. *(see Simon v. Southern R. Co. 236 US 115 Supreme Court 1915)*

The Statute of Frauds define that in the event of fraud the Statute of Limitations, Collateral Estoppel, Res Judicata do not apply. Deloitte Consulting LLP defense attorneys, who are officers of the court, have been involved in the perpetration of fraud or have made material misrepresentations to the court.

The doctrine of equitable estoppel is available "where the plaintiff knew of the existence of his

cause of action but the defendant's conduct caused him to delay bringing his lawsuit." *Dillman v.*

*Combustion Eng'g, Inc., 784 F.2d 57, 60 (2d Cir. 1986); see Abbas, 480 F.3d at 642* (stating that

equitable estoppel applies when a "**plaintiff was induced by fraud, misrepresentations or**

**deception** to refrain from filing a timely action"). Under either doctrine, "[d]ue diligence on the

part of the plaintiff in bringing an action . . . is an essential element of equitable relief." Abbas,

480 F.3d at 642.


On plaintiff's employment lawsuit, Deloitte has not only induced fraud, misrepresentations or

deception, but have also ignored plaintiff's reasonable efforts for due diligence. Such malicious

acts by Deloitte directly prejudice the plaintiff and his lawsuits (and are sufficient to invoke

equitable estoppel):


1. **Fraudulent concealment of material facts**: Deloitte Consulting LLP discriminated against

   the plaintiff on the basis of protected characteristics / factors of women without the knowledge

   of the plaintiff. The plaintiff was and is still unaware of the facts related to his wrongful

   termination based on such gender based protected characteristics. Deloitte and their HR official

   Joanna Rohde have concealed the identity and details of the pregnant female supervisor – and

   made multiple false representation by their Day Pitney attorney such as the parties did not meet

   and confer on the issue. The plaintiff has call voice record that clearly identify that plaintiff

   held a conference call with defense attorney on plaintiff's employment lawsuit. Since Deloitte

   discriminated against the plaintiff on the basis of his gender, such acts by the defendant provide

   a direct inference for such discrimination. Such claims were identified on "**Exhibit A**" on a

motion currently pending before the court, and the plaintiff is directly prejudiced by defendant's malicious acts. Deloitte has a duty to disclose such facts.

Fraudulent concealment of material facts is sufficient to <u>toll the statute of limitations on a case</u>, and sufficient case law exists on the matter. For example, the diligence-discovery rule has been applied where a plaintiff demonstrates that his injury was inherently unknowable at the time he was injured, *Quinton v. United States, 304 F.2d 234 (5th Cir.1962)*, and where the Government conceals its negligent acts so that the plaintiff is unaware of their existence, *Peck v. United States, 470 F. Supp. 1003, 1018 (S.D.N.Y. 1979)*. In regard to the latter situation, "[r]ead into every federal statute of limitations ... is the <u>equitable doctrine</u> that in case of <u>defendant's fraud</u> <u>or</u> <u>deliberate concealment of material facts</u> relating to his wrongdoing, <u>time does not begin to run until plaintiff discovers, or by reasonable diligence could have discovered, the basis of the lawsuit</u>." *Fitzgerald v. Seamans, 553 F.2d 220, 228 (D.C. Cir. 1977).*

2. **Suppression of Evidence**: Defendant Deloitte Consulting LLP and Joanna Rohde have not answered the plaintiff's valid discovery requests including request for production of documents and interrogatories served more than two years back in 2019. The defendant has not answered plaintiff's valid discovery requests as identified on [Exhibit C], also on doc# 245 of the court docket. Deloitte has concealed evidence related to the protected characteristics of women, which constitute suppression of evidence.

The defendant (Deloitte Consulting and Joanna Rohde) has clearly <u>failed to disclose</u> <u>evidence</u> <u>favorable</u> to the plaintiff, and such actions by the defendant undermine the outcome of plaintiff's litigation. Such actions by the defendant diminish their own credibility on plaintiff's employment lawsuit, and all related lawsuits. Such acts further diminish the credibility of defendant Joanna Rohde on this lawsuit, and support the fact that she acted knowingly and intentionally to create a fraudulent medical record for the plaintiff to diminish his legal actions against Deloitte and against her, specially given the fact that she tried to recruit the plaintiff into her malicious money laundering scheme.

3. **Tampering of Witnesses**:

Witness tampering occurs when a person "**<u>knowingly</u>** . . . **<u>corruptly persuades</u>** another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to - (1) influence, delay, or prevent the testimony of any person in an official proceeding." § 1512(b).

In addition, the special duty of an attorney to prevent and disclose frauds upon the court derives from the recognition that <u>perjury</u> is as much <u>a crime</u> as tampering with witnesses or jurors by way of promises and threats, and undermines the administration of justice. *See 1 W. Burdick, Law of Crime §§ 293, 300, 318-336 (1946).*

    a. **Retaliation against the plaintiff and Tampering of Plaintiff as a Witness**: Based on the allegations identified on plaintiff's complaint alone, the plaintiff presets probable cause to believe that Deloitte Consulting LLP and Joanna Rohde committed the crime

of witness tampering by harassing the plaintiff and attempting to influence plaintiff's testimony before the court and on court motions.

Furthermore, the defendant instituted recruitment fraud against the plaintiff, and ensured that the plaintiff is unable to secure an alternate full-time visa sponsored employment. The plaintiff's lawsuit against Apple Inc. and Deloitte (1:21-cv-03287-JMF) is just another example of witness tampering by Deloitte and Joanna Rohde.

b. **Retaliation against witnesses identified on plaintiff's complaint (Part 1):** The plaintiff has identified that Deloitte moved female employee Christina Young to another firm, and then provided false affidavits on court on her employment separation / termination date. The plaintiff has recorded calls with his previous attorney, Mr. Vandamme, on which Mr. Vandamme clearly confirms and reiterates his multiple conversations with defense attorneys, that Christina was still working at Deloitte during the summer of 2019, however, on court affidavits, motions and written discovery document production to the plaintiff, the defendant misrepresented and falsified information by stating that Christina moved from Deloitte to another employer in early 2019.

Thus, one may safely infer that Deloitte Consulting LLP **corruptly persuaded** key witnesses and accused on the plaintiff's case, and female members of Deloitte Consulting LLP, as identified by the defendant on their multiple document production requests, coordinated with Christina Young on multiple such occasions, and engaged

in misleading conduct towards the plaintiff, especially with effect to influence, delay or prevent the testimony of Christina. [**Exhibit C**]

    **c.** **Retaliation against witnesses identified on plaintiff's complaint (Part 2)**: The firm terminated the employment of witness Brenda Arends in December 2020, and then rehired her in April 2021. Thus, by reoffering employment to Brenda Arends, it is safe to infer that Deloitte Consulting LLP corruptly persuaded a key-witnesses and accused on the plaintiff's case. **[Exhibit D]**

4. **Tampering of Evidence**:

On **Exhibit D**, the plaintiff has identified and provided evidence that support a case for evidence tampering. Specifically, Deloitte intends to conceal its own intentional concealment of material facts, and intentional assignment of negative performance rating under the influence of human resource professionals. Plaintiff has not yet received his final project document submissions for his Pfizer project, and the plaintiff provides evidence which clearly state that Plaintiff's performance record for this very project was sabotaged by the defendant. Plaintiff's good performance and defendant's tampering of evidence is further supported by the fact that the Sr. Manager, Mr. McBrearty, again invited the plaintiff to again work for him in 2018 as identified on Exhibit D.

The issue of Christina Young, details of her employment with Deloitte and details of her separation as identified above is another example of tampering of evidence.

Be it fraudulent concealment of material facts, suppression of evidence, tampering of witnesses or tampering of witnesses, the plaintiff has demonstrated a "**reasonable probability**" of defendant's intentional malicious actions that is sufficient to undermine confidence in the judgements by the district court.

In this case, it is in the best interest of the plaintiff to identify each and every fraud incited by the defendant or their Department of Justice agents on the court. Each such Judgement entered to benefit or support the business interest of Deloitte Consulting LLP is nothing but "Fraud upon the Court", which not only deprive the plaintiff of his civil and constitutional rights, but also eventually deprive him of a favorable settlement with Deloitte once such claim is made. The plaintiff does not and will not support any attempts by the defendant or the Magistrate Judge to obtain a favorable Judgement by depriving the plaintiff of his rights or by committing fraud on the Judiciary.

For example, the plaintiff settles his employment lawsuit with Deloitte. However, 5-years from now, defendant former Sr. Manager Kartik Nagaraja, who is a witness on the case, files a lawsuit against Deloitte claiming that his supervisors (or Deloitte Leaders) leaked plaintiff's confidential medical information to him and asked him to knowingly assign the plaintiff a negative performance rating. However, Deloitte Leaders did not inform Mr. Nagaraja of their discriminatory motivation, that they asked Mr. Nagaraja to assign the plaintiff a negative performance rating because of a malicious sexual harassment allegation by a 62-year old and the existence of a pregnant supervisor.

A year after Mr. Nagaraja assigned a negative performance rating to the plaintiff, Mr. Nagaraja was terminated by Deloitte and moved to a different firm, and then retaliated against by the same set of HR officials over a period of 5-years. Since the pattern of Judgements clearly identify that the court has issued Judgements to support the business interests of Deloitte such that the very rights of employees like Mr. Nagaraja are denied, such acts not only provide Mr. Nagaraja an opportunity to cite fraud, but also provide him an opportunity to file a claim based on equitable tolling, suppression of evidence, and deprivation of civil and constitutional rights etc. Thus, any fraudulent act by the defendant or a biased court personnel supporting the business interests of Deloitte will forever entangle the plaintiff into lawsuits. Hence, it is in the **best interest of the plaintiff** to identify such acts early on, such that **Deloitte consulting does not abuse the Judicial machinery**.

V.   **Joanna Rohde has called the plaintiff on video, has requested the plaintiff to partake in her money laundering scheme**

As identified previously, and also based on the supporting evidence provided to the defendant Deloitte Consulting LLP, Joanna Rohde has called the plaintiff on video (using facetime zoom connector), and has requested the plaintiff to partake in her money laundering scheme in exchange for a favorable settlement on the lawsuit. She has identified herself as a department of justice official / secret service agent. She has also identified that she will be partly using the funds to sponsor her teenage daughter's admission to the Southern University of California. Such ridiculous behavior and ill-conceived notions based on delusional dreams must be noted by the court. The

plaintiff has already partly identified such acts on his Fourth Amended Complaint filed in September 2020.

**Presumption of Regularity on Joanna's case**: The Supreme Court and the Second Circuit have issued guidelines on issues like "*presumption of regularity … in the absence of clear evidence on the contrary*" United States v. Armstrong 517 U.S 456, 464 (1996) (quotations omitted). The plaintiff has alleged that defendant human resource professional Joanna Rohde has identified herself to the plaintiff has a Department of Justice / government agent. In addition, the plaintiff has identified that defendant Joanna Rohde uses an alias to conceal her identity on his court motion papers.

The plaintiff has alleged that the defendant has coordinated or acted in collaboration or in concert with State agents to deprive the plaintiff of his constitutional or statutory rights. The plaintiff has provided over 250 documents that support his claims. However, the defendant has not identified clear and convincing evidence on the matter to overcome the presumption of regularity.

Since under Federal Laws 42 USC 1983, a claim based on state law in New York, the limitations period is three years (*Vega vs. Hempstead Union Free Sch. District, 801 F. 3d 72, 79 (2nd Cir. 2015)),* one may infer that both Deloitte Consulting LLP and Joanna Rohde are trying to mitigate their risk on the issues identified on plaintiff's Fourth Amended Complaint

(FAC) [5] from current or former employees identified on plaintiff's employment lawsuit. One may **reasonably infer** that Plaintiff's Fourth Amended Complaint contains sixteen (16) or more claims that were **intentionally denied** by Judge Aaron to provide Judicial immunity to the defendant and their designated government agent.

Post termination Retaliatory action by defendant Deloitte Consulting LLP in response to (a) plaintiff's participation in a protected activity, (b) discrimination investigation and/or proceeding constitute an "*impermissible reason to treat the plaintiff differently*" and amounts to "*witness tampering*".

## VI.   Court's baseless order potentially barring the plaintiff from Future Litigation is meant to support the malicious act of Deloitte Consulting HR professionals:

**First**, the plaintiff has already provided a notice to Judge Aaron, that the plaintiff would be filing a lawsuit against him. In due course, Judge Aaron will be forced to reverse all his previous biased decisions, with or without his liking. Based on the pattern of decisions, a rational observer may conclude that the Judiciary has taken a stand to deny all of plaintiff's valid motions before the end of August 31st 2021, one-year period post the transfer of key witnesses from Deloitte. Such act is sufficient to demonstrate ongoing fraud.

---

[5] To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face". *Ashcroft vs. Iqbal, id at 579, 127, S. Ct 1955, L. Ed. 2d 868 (2009)*. Plaintiff's FAC contains such facts. Also note that FAC is currently pending appeal.

**Second**, based on plaintiff's allegations on this lawsuit and his employment lawsuit, it is clear that Deloitte Human Resource professionals are the source, driver and influencers on the discriminatory and retaliatory acts against the plaintiff. These Deloitte Human Resource professionals intend to use these very biased, threatening and baseless orders, such as the one produced by Judge Furman (***doc# 37***) on current and future litigations against the plaintiff. One example of such Lawsuit is the Rule 60 Motion filed by the plaintiff recently on case# 1-20-cv-05701-ALC [6]. Joanna Rohde and Judge Aaron have used the 05701-ALC lawsuit as a template to deny plaintiff's Fourth Amended Complaint on his employment lawsuit, and deny plaintiff's private right of action identified by the congress. Such abuse of discretion must be challenged in court, and will be challenged by the plaintiff, or for that matter by any rational individual just like the plaintiff; biased court decisions meant to support the business interests of a corporations do not

**Third**, Deloitte Consulting LLP human resource professional, Joanna Rohde, who has claimed to be a department of Justice official, has best interests in invoking Res Judicata defense and has best interests in revoking plaintiff's future lawsuits. The plaintiff understands the situation, and has already clearly **raised the issue of filing an amended complaint** previously on his employment lawsuit. She has confessed her crimes to the plaintiff, and has boasted that the plaintiff will not be able to do anything about them, and the pattern of court orders **suggest** that she is abusing the judiciary for her own benefit.

---

[6] On the final order that was challenged by the plaintiff, Judge Carter mentioned that employment discrimination claims set forth in this complaint are dismissed without prejudice. The plaintiff has filed a Rule 60 Motion currently pending before the court.

**VII.    Continuing Pattern of Fraud on Court:**

The clerk of the court must also note that **a continuing pattern** of abuse of judicial resources, and abuse of judiciary to serve the business interests of defendant Deloitte Consulting LLP has been identified in multiple cases filed by the plaintiff. Defendant Deloitte and their Department of Justice agents appear to have influenced the court clerks so as to deny plaintiff's valid filings, and force the plaintiff to file an appeal or a motion for reconsideration, and thus, provide Deloitte immunity within a specific period of time.

Notably, Deloitte Sr. Manager Mr. McBrearty suffered a heart attack in 2018, and Kartik Nagaraja and Brenda Arends are linked to the issue. In early 2020, Joanna Rohde has threatened the plaintiff on the exact same issue and is maliciously involved on the case. Suddenly after the plaintiff identified or filed such facts again in 2021 on a court motion, HR Brenda Arends's Linkedin status was pre-dated and changed. Such acts provide an inference of her involvement and collaboration with Joanna Rohde. Such acts by Deloitte have been partially identified on case# *1:19-cv-10578-AJN* court docket. Since **fraud** has been instituted, such pattern of biased orders immediately become **invalid** or **moot**.

It also appears that Deloitte Consulting LLP and their DOJ agents are trying to influence this case docket, and are trying to dismiss plaintiff's valid motion for disqualification of Judge Aaron in a conclusionary order without due consideration of the facts identified by the plaintiff, and without due consideration of case law in support of such facts.

Respectfully Submitted,
**Ashu Shukla**
*_s_ashu shukla*
*Plaintiff*
202 Salem CT, Apt#11
Princeton, NJ 08540
ashu.shukla@gmail.com

Date: 08/31/2021

*Enclosed*:

Court order *(# 37) as Exhibit G and Court order (# 323) on plaintiff's employment lawsuit*
*as Exhibit H*