The Honorable Jesse M. Furman
September 16th 2021

**Ashu Shukla**
*Plaintiff*
202 Salem CT, Apt#11
Princeton, NJ 08540
ashu.shukla@gmail.com
T # 917-488-6143


**Date: 09/16/2021**

**VIA USDC ECF**


**To,**

**HON. Judge Jesse M. Furman,**
U.S. District Court,
Southern District of New York,
40 Foley Square,
New York, New York 10007


Re:   Shukla vs. Apple Inc., Deloitte Consulting LLP
      Index No.: 1:21-cv-03287-JMF

**Re: Plaintiff's complete opposition to Order# 57 on this Classis Whistle-Blower case will be filed on September 20th 2021. The Court must enter default Judgement against Deloitte Consulting LLP for (a) filing an incomplete and inconsistent motion to dismiss, and for (b) misleading the Court and the Judicial System on plaintiff's claims. Deloitte has overlooked the guidance provided by the US courts and the Equal Employment Opportunity Commission – Deloitte has failed to identify the 200+ discrimination and retaliation allegations and corresponding claims on this updated operative complaint – and by doing so have foreclosed their opportunity to dismiss such claims.**


Hon. Judge Furman,


As you may know, I am the plaintiff on the Shukla vs. Apple Inc., Deloitte case at SDNY case# 1:21-cv-03287-JMF.


As you may already know, this is a classic **Whistleblower case** - Deloitte has willingly and intentionally abused the equal protection rights of the plaintiff as identified by the Equal Employment

1

The Honorable Jesse M. Furman
September 16th 2021

Opportunity Law, the U.S. Department of Justice (DOJ) the U.S. Department of Homeland Security (DHS) and the U.S Citizenship and Immigration Services (USCIS).

The court must also note that in abusing plaintiff's equal protection, civil and constitutional rights, Deloitte Consulting coordinated with their employees such as Kartik Nagaraja, Brenda Arends, Sriram Ramamurthy, Ashley Scorsatto, Binu Janardhanan etc. Since these employees aided and abetted Deloitte, and since Deloitte appears to be using their corporate influence to delay plaintiff's lawsuit because certain corporate actions were taken against such employees in 2020, it behooves the plaintiff to identify Deloitte's malicious business interests, and the personal interest of Deloitte defense sponsors on this case.

The court must also note that plaintiff's Appeal for Recusal of Judge Aaron is currently pending before the US Court of Appeals for the Second Circuit, and plaintiff's Motion response (doc# 50) in Opposition to Apple Inc's request for extension of time to file response is pending before Judge Aaron. Judge Furman's scheduling order# 57 was filed before the plaintiff could file an opposition to Deloitte's frivolous motion to dismiss.

Judge Aaron, who is facing disqualification, appears to be equipped to use Judge Furman's decision (doc# 57) as a tool to grant Apple Inc. an extension and deny plaintiff's request. However, the plaintiff moves before the court to file his opposition to Judge Furman's order (doc# 57). Given the complexity of the arguments on this matter, the plaintiff would be filing his opposition to Judge Furman's decision

The Honorable Jesse M. Furman
September 16th 2021

(doc# 57) on Monday September 20th 2021 [1]. The following pertinent facts and arguments based on case law will be covered on plaintiff's response:

**First**, on this complaint, the plaintiff has clearly alleged 200+ paragraphs of discrimination allegations against Deloitte Consulting LLP, which were <u>overlooked</u> by Deloitte on their Motion to dismiss. It MUST be noted that only 60% of such allegations on this lawsuit are common with plaintiff's third amended complaint (the operative complaint on plaintiff's employment lawsuit), and the remaining 40% additional allegations identified on this lawsuit significantly improve the sufficiency of discrimination and retaliation claims against Deloitte.

Specifically, Deloitte Consulting LLP has overlooked allegations identified on the following paragraphs:

1. **Common Facts**: Paragraphs 1 - 33
2. **Discrimination based on disability / medical condition**: Paragraphs 33 - 48
3. **Discrimination based on gender**: Paragraphs 72 - 155
4. **Retaliation**: Paragraphs 181 - 213
5. **Discrimination based on race and national origin**: Paragraphs 224 – 277
6. **Claims**: Paragraphs 295, 302, 307, 321, 322, 338, 343, 356, 360, 370 – 402

The court must note that at a minimum, the claims identified on the 200+ paragraphs identified above are supported by discrimination based on disability pursuant to ADA and Title VII, and discrimination based on race pursuant to Title VII and 42 USC 1981, as approved both by Judge Nathan and Magistrate Judge Aaron *on Shukla I*.

---

[1] This Letter to Judge Furman must provide a notice to Judge Aaron not to post a biased order on Apple Inc's motion and plaintiff's response (doc# 50) until Judge Furman reviews plaintiff's request and response in its entirety.

The Honorable Jesse M. Furman
September 16th 2021

**Second,** Plaintiff's claims on his employment lawsuit (doc# 53-2 - plaintiff's third amended complaint on his employment lawsuit 1:19-cv-10578-AJN as "*Shukla*") *I* have been significantly improved through the paragraphs cited above. Previously, plaintiff's Third Amended Complaint on his employment lawsuit (*Shukla I*) was the operative complaint against Deloitte, however, upon filing of this complaint against Apple and Deloitte (case# 1:21-cv-03287-JMF), as **approved and directed** by the Equal Employment Opportunity Commission (EEOC) and further confirmed by the US Federal Judicial System, the plaintiff's **discrimination and retaliation claims against Deloitte Consulting LLP** have been replaced and updated by the above identified claims.

Thus, Deloitte is both incomplete and inconsistent on filing their Motion to dismiss, and for such reasons, (a) the plaintiff must request Default Judgement against Deloitte Consulting LLP, and (b) each and every discrimination and retaliation claim not challenged by Deloitte must now be approved by the court.

**Third**, on their Motion to dismiss, Deloitte has (a) incorrectly paraphrased plaintiff's allegations, (b) overlooked the details on plaintiff's allegations, and (c) failed to state with specific clarity the basis on their request for dismissal. For Such reasons, Deloitte's motion should be dismissed in its entirety, and Deloitte should not be given any future opportunity to file an amended or new motion to dismiss as identified by Judge Furman.

**Fourth**, Deloitte has failed to identify that **on their answer** to plaintiff's employment complaint (case# 1-19-cv-10578-ajn, doc# 240), a complaint which contains 60% common claims with this complaint, Deloitte has both knowingly and intentionally denied plaintiff's valid claims to limit their

4

The Honorable Jesse M. Furman
September 16th 2021

liability. Such action amount to fraud, and by taking such actions as identified on plaintiff's Motion (doc# 50), **Deloitte has lost all credibility**. Due to lost credibility, Deloitte has also forgone their right to raise unclear or ambiguous objections or defenses such as the objections raised on their motion to dismiss.

**Fifth**, Deloitte's Motion has been specifically placed such that three **employees terminated by Deloitte** last year (Kartik, Brenda and Sriram) [2], who in a coordinated and planned effort **were subsequently placed by Deloitte at other firms**, are forced to act in support of Deloitte Defense sponsors on this lawsuit - namely, Deloitte Financial Services Partners Boris Johnston, Michael Fernandez and HR Joanna Rohde. Since (a) Deloitte's act clearly amount to tampering of witnesses [3], and (b) the plaintiff is greatly affected and prejudiced by Deloitte's malicious acts, such acts provide an inference of discrimination against the plaintiff.

Furthermore, Deloitte appears to be using their corporate influence to negatively influence the court personnel to support their business objectives.

**Sixth**, Deloitte's Motion has been specifically placed such that two employees (Ashley & Binu) [4] as identified on plaintiff's written ethics and integrity compliance complaint to Deloitte, are forced to act in support of Deloitte Defense sponsors on this lawsuit - namely, Deloitte Financial Services

---

[2] The names of these three employees are Brenda Arends, Kartik Nagaraja and Sriram Ramamurthy. These employees acted in part under the guidance or influence of Deloitte leaders, and in part under their own self-interests to protect their own-jobs as supervisors, to violate the equal protection, civil and constitutional rights of the plaintiff under the law.

[3] Under the Americans with Disabilities Act, 42 U.S.C. § 12188 (a)(1), the US Congress has provided the plaintiff with express private right of action to file such claims against Deloitte. Defendant's citation of Judge Aaron's order on WL 3181785 pursuant to 18 U.S.C 1512 is meritless, as Judge Aaron failed to consider such equal protection rights to the plaintiff.

[4] The names of these two employees are Ashley Scorsatto and Binu Janardhanan.

5

The Honorable Jesse M. Furman
September 16th 2021
Partners Boris Johnston, Michael Fernandez and HR Joanna Rohde. **Both Ashley and Binu were promoted by Deloitte[5], and form a part of plaintiff's Whistleblower claims**.

Specifically, first, Deloitte assigned the plaintiff work of two full-time employees that was outside his skillset, and racially discriminated against him and retaliated against him for raising such issues (Thereafter, in a coordinated and planned effort, Deloitte provided promotion and incentives such as full MBA tuition fee sponsorship to two identified employees (Ashley and Binu)). Then Deloitte discriminated against the plaintiff on the basis of his Disability. Then Deloitte threatened the plaintiff with termination on multiple occasions through employees Deborshi, Brenda and Kartik. Then employee Kartik threatened the plaintiff with post-employment H1B visa recruitment fraud and knowingly assigned the plaintiff a negative performance rating under the influence of Deloitte leaders. Post termination, Deloitte HR coordinated and concocted the same recruitment fraud against the plaintiff. Since the plaintiff is greatly affected and prejudiced by Deloitte's malicious acts, such acts provide an inference of discrimination against the plaintiff.

**Seventh**, Deloitte's Motion has been specifically placed such that key witness on plaintiff's discrimination based on disability and discrimination based on gender claims, Dr. Niti Aggarwal [6], is denied deposition such that Deloitte is further able to suppress evidence and material facts on the case. Deloitte further intends to maintain an illegal control of the Plaintiff and Dr. Niti such that the

---

[5] Deloitte Consulting LLP has further engaged in suppression of evidence on the matter. Deloitte has failed to provide answer to plaintiff's valid discovery requests on the performance, promotion and termination of such employees

[6] Dr. Aggarwal is a witness on plaintiff's disability. Under the Americans with Disabilities Act, 42 U.S.C. § 12188 (a)(1), congress has provided the plaintiff with express private right of action against malicious actors like Deloitte Consulting LLP and Joanna Rohde.

The Honorable Jesse M. Furman
September 16th 2021

malicious discriminatory acts of Partners Boris Jonston and Michael Fernandez and HR Joanna Rohde are concealed.

**Eighth**, Deloitte's Motion has been specifically placed such that Deloitte is further incentivized to fraudulently conceal material facts such as the details on the pregnant supervisor, such that key details are further excluded from plaintiff's complaint. By Suppression of evidence and fraudulent concealment of material facts, **the plaintiff is denied of his right to timely file complete or plausible allegations against Deloitte**, which **further prejudice the plaintiff by unnecessarily delaying or denying his court complaints**. Such acts have been instituted such that the statute of limitation on filing a claim against Deloitte Defense sponsorers on this lawsuit - namely, Deloitte Financial Services Partners Boris Johnston, Michael Fernandez and HR Joanna Rohde, run out and the plaintiff is unable to sufficiently identify how such Deloitte Leaders misused the Deloitte machinery to institute a discrimination and retaliation campaign against the plaintiff that led to several adverse employment actions.

**Ninth**, District Judge Nathan's has abused her discretion in a clear and convincing pattern of biased decisions on plaintiff's employment case. Specifically, Judge Nathan has (a) failed to consider the well pleaded facts and case law in plaintiff's Fourth Amended Complaint, (b) overlooked the well pleaded facts and case law, and (c) failed to make a de-novo determination of plaintiff's Fourth Amended Complaint. Since Deloitte employees Brenda Arends, Kartik Nagaraja and Sriram Ramamurthy were terminated by Deloitte in 2020, and since Deloitte provided incentives to employees Ashley Scorsatto and Binu Janardhanan, it can easily be inferrred that such improper decisions were held by Judge Nathan to advance the business interests of Deloitte.

The Honorable Jesse M. Furman
September 16th 2021

Specifically, on plaintiff's Fourth Amended Complaint (Paragraph 173), the plaintiff has cited that "*In Sept. 2018, Kartik, plaintiff's supervisor, gave the plaintiff a bad performance rating for the project, his supervisory oversight suggests that he had input in the final decision of plaintiff's termination in Nov. 2018. Kartik's project release actions were similar to defendant actions noted earlier. Defendant Deloitte Consulting LLP knew about plaintiff's medical condition / disability, and knowingly released him from JP Morgan Chase Project in coordination with Joanna Rohde (id at 61), and sent him to projects where he was destined not to be hired in coordination with William Murphy (id at 22, 173), who was promoted later*". Deloitte Consulting LLP has already shared evidence with the plaintiff that contains the fact that Christina Young Cited Deloitte Supervisor and Sr. Manager William Murphy on her meeting with Joanna Rohde, and that Deloitte Supervisor and Sr. Manager William Murphy was promoted by Deloitte Financial Services Partners Boris Johnston and Michael Fernandez within months of plaintiff's disability incident. Since such details which provide a direct inference of discrimination and retaliation were not identified on plaintiff's Third Amended Complaint (doc# 53-2 on Shukla I), it can be inferred that Judge Aaron and Nathan's improper decisions [7] on plaintiff's Fourth Amended Complaint (Shukla I, doc# 94-1) were held to advance the business interests of Deloitte.

**Tenth**, it appears that by providing the plaintiff until November 25th 2021 to file an opposition or amended complaint, the court intends to support the original decision by Magistrate Judge Aaron dated November 17th 2020 on plaintiff's Third / Fourth Amended Complaint (TAC/FAC), and ensure that the one-year statute of limitations on such claims run-out. Specifically, the district court

---

[7] Judge Nathan has further overlooked plaintiff's valid request to refer the Shukla I case to a Three Judge Panel at the Southern District of New York Federal Court. Such abuse of discretion is deeply concerning.

The Honorable Jesse M. Furman
September 16th 2021

incorrectly denied plaintiff's FAC, denied a de-novo determination of the FAC, and denied plaintiff's motion for reconsideration thereby wasting more than one-year of plaintiff's valuable time. Such facts clearly support an inference of conspiracy to violate plaintiff's civil and constitutional rights, and provide a factual basis to support a meeting of minds between Deloitte Consulting LLP, Judge Nathan Alison, Judge Furman and Magistrate Judge Aaron.

**Conclusion**:

Due to the complexity of the matter, the complexity of the arguments and facts identified above, and the case law involved, the plaintiff identifies that he would be filing a response to Judge Furman's order (doc# 57), on September 20th 2021, and further notifies Judge Aaron not to file a biased order on the basis of doc# 57.

The plaintiff would like to further identify that in an effort to promote their business and personal interests, miscreants from Deloitte Consulting LLP have been lately sabotaging plaintiff's internet such that the plaintiff is unable to fetch proper case citations and conduct proper case research. Earlier plaintiff's case filings to SDNY were blocked (as identified on Shukla I case docket).

**Wherefore**, the plaintiff requests the following from the court:

1. Issue a declarative order that the issues identified on this motion by the plaintiff are valid, and that Magistrate Judge Aaron cannot file a Judgement citing order# 57 until September 20th 2021, as the same would be challenged by the plaintiff on September 20th 2021.
2. Issue a declarative order identifying that the plaintiff would file his opposition / motion for reconsideration of court order# 57 on September 20th 2021.

The Honorable Jesse M. Furman
September 16th 2021

3. Provide any other and further remedies based on this motion as deemed just and equitable


Thank you for your time and assistance in this matter.

*Sincerely,*
*Ashu Shukla*
*Plaintiff*
*09/16/2021*

*(cc) Defendant Attorneys via ECF*
*(cc) Magistrate Judge Stewart D. Aaron via ECF (copied)*


The Court doesn't really understand what Plaintiff is seeking or intends to seek.  To the extent that he objects to the Scheduling Order entered at ECF No. 57, the objection is frivolous.  The Court has broad discretion to manage the cases on its docket.  Exercising that discretion, the Court ordered that Plaintiff should not respond to Deloitte's motion until Apple answers or otherwise responds to the complaint by the October 13, 2021 deadline, *see* ECF No. 46, to minimize confusion and maximize efficiency.  Plaintiff will have a full and fair opportunity to respond to Deloitte's motion - but he may not do so before Apple responds to the Complaint.  If he does, his submission will be stricken - without prejudice to refiling it once Apple has filed its response.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied.  See *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate ECF No. 59.

SO ORDERED.

September 17, 2021