The Honorable Jesse M. Furman
October 21st 2021

**Ashu Shukla**
*Plaintiff*
202 Salem CT, Apt#11
Princeton, NJ 08540
ashu.shukla@gmail.com
T # 917-488-6143

**Date: 10/21/2021**

<u>**VIA USDC ECF**</u>

**To,**

**HON. Judge Jesse M. Furman,**
U.S. District Court,
Southern District of New York,
40 Foley Square,
New York, New York 10007

**Re:   Shukla vs. Apple Inc., Deloitte Consulting LLP**
      **Index No.:** <u>1:21-cv-03287-JMF</u>

**Re: Plaintiff's request for extension to file his Memorandum of Law in Support of Judge Furman's Recusal. Deloitte HR Joanna Rohde will be held for a capital crime and she has previously made clear to the plaintiff that there is nothing that the plaintiff or the court can do about it – case# 21-1411 on the US Court of Appeals for the Third Circuit is an example of her act.**

**The court must refrain from its pattern of baseless denials prior to the defendant filing a response to plaintiff's motions. If the plaintiff presents "reasonable basis both in law and fact" adopted by the vast majority of US Courts of Appeals, the filing is not frivolous.** *See United States v. Yoffe, 775 F. 2d 447, 449-450 (CA1 1985); Ramos v. Haig, 716 F. 2d 471, 473 (CA7 1983); Foster v. Tourtellotte, 704 F. 2d 1109, 1112 (CA9 1983) (per curiam);*

Hon. Judge Furman,

1

The Honorable Jesse M. Furman
October 21st 2021

As you may know, I am the plaintiff on the Shukla vs. Apple Inc., Deloitte case at SDNY case# 1:21-cv-03287-JMF. On 10-04-2021, the plaintiff requested Judge Furman to recuse himself from the case [1].

As notified on plaintiff's filings on other courts case# 21-254, 21-557 and 21-895, **the plaintiff has been sick**. The plaintiff request for a two-week extension to file his Memorandum of Law for recusal of Judge Furman. The plaintiff also requests for a page-limit extension on his memorandum of law – the current page limit of 25-pages should be extended to 45-pages.

Disqualification of a biased Judge is important because (a) it prohibits the plaintiff from seeking or acquiring timely justice from a case, and (b) it prevents the court to punish the lady named Joanna Rohde who is not only the prime accused on plaintiff's case but also a criminal.

Given the pattern of Judgements on this case, plaintiff's employment lawsuit and related cases, it is clear that Joanna Rohde would further influence Magistrate Judge Aaron to protect her self-interests.

Previously, this district court and Magistrate Judge Aaron have entered into a pattern of denial of plaintiff's valid Motions prior to the defendant filing a valid response. Since many of these denials

---

[1] (1) On his Motion dated October 1st 2021, the plaintiff provided detailed evidence and Pattern of frivolous denials of plaintiff's valid complaint or motions without any factual or legal analysis, law or case citation (E.g. Case# 21-1411 at the US Court of Appeals for the Third Circuit). (2) The plaintiff also identified that Deloitte HR Joanna Rohde has maintained double standards and have sent threatening sexual harassment pictures about plaintiff's friends and family (doc# 67- Exhibit H).

Currently, Deloitte is trying to evade their liability based on a 66-year old malicious sexual harassment accuser and a pregnant supervisor. Deloitte intends to evade potential claims based on hostile work environment that their supervisors knowingly, intentionally created against the plaintiff - under the knowhow or guidance of Deloitte leaders such as Partner Michael Fernandez / Joanna Rohde.

The Honorable Jesse M. Furman
October 21st 2021

were without any analysis or case law, a rational observer may identify such denials as "baseless" or "frivolous". This is a pleasant reminder that this court must refrain from such abuse of discretion.

**Fraud has been committed by Deloitte umpteen number of times, and the firm is now hoping to acquire immunity by deprivation of rights under the color of law**:

Currently, Deloitte and Joanna Rohde are hoping to **avoid potential lawsuits** on the basis of the following:

(a) within a three-year period of plaintiff's discrimination allegations based on race (*see case#1:19-cv-10578-AJN, doc# 48 order*);

(b) within a three-year period of plaintiff's termination in November 2018;

(c) within a one-year period of SDNY Court's Approval of Plaintiff's Retaliation and discrimination claims (*see case#1:19-cv-10578-AJN, doc# 143 order*);

(d) within a one-year period of Joanna Rohde's direct involvement in trying to create a fraudulent medical record for the plaintiff at University of Pennsylvania Family clinic and Capital Health Regional Medical Systems (*see case# 2:20-cv-05634-WB, doc# 14*).

Since Fraud has been committed by Deloitte on umpteen number of occasions, such fraud is sufficient to toll the statute of limitations (on the allegations or claims) on the above identified themes.

On case# 1:19-cv-10578-AJN, doc# 335, the plaintiff has already identified valid legal arguments on the recent biased decisions by the colleagues of Judge Furman at SDNY. The arguments made by the plaintiff clearly identify the pattern of baseless or biased decisions issued on the name of protecting Deloitte Consulting LLP from three sets of individuals (a) HR Brenda Arends, (b) male colleagues

3

The Honorable Jesse M. Furman
October 21st 2021

who instituted a hostile work environment, and (c) employees identified on plaintiff's ethics complaint – on the name of a 66-year old lady and a pregnant supervisor.

**Joanna's latest adventure to deny plaintiff's valid lawsuit case# 21-1411 at the US Court of Appeals for the Third Circuit shows her direct involvement and her malicious intent of denying plaintiff's lawsuit on the name of saving Deloitte from her personally instituted Hostile work environment claims**:

At a minimum, given the facts on the case and the pattern of biased Judgements against the plaintiff on multiple cases, it can be inferred that such favors (like ostensible adversarial denial of plaintiff's lawsuit) were achieved indirectly through "**meeting of minds**" with female court personnel - Joanna reached an understanding with female court members to demonstrate a commitment to protecting female employees or female members of the society from male accusers [2] (*see Doe v. Columbia, 831 F.3d* and *Menkar vs. Hofstra University (18-3089-cv, Aug. 2019).* Denial of such valid inferences amount to abuse of discretion, and is sufficient to toll the statute of limitations on similar cases[3].

The US Court of Appeals for the Third Circuit (*case# 21-1411*) case was dismissed without any factual analysis, legal reference or case law citation. Deloitte and defendant Joanna Rohde have

---

[2] This "meeting of minds" concept or argument was **originally** introduced by the plaintiff early 2021 on his court motions (*id, US Court of Appeals*). The plaintiff stated that the existence of a conspiracy can be proved through circumstantial evidence. See, e.g., *Adickes, 398 U.S. at 158* ("If a policeman were present, we think it would be open to a jury, in light of the sequence that followed, to infer from the circumstances that the policeman and a Kress employee had a '**meeting of the minds**' and thus **reached an understanding that petitioner should be refused service**."). On the identified case, the plaintiff highlighted circumstantial evidence which suggested that defendants collaborated with each other.

[3] Deloitte appear to have acted in concert with US Court of Appeals for the Third Circuit court on case# 21-1411 to dismiss the case because of the very fact that the plaintiff identified the "meeting of minds" concept in early 2021. However, Deloitte would not be able to attain or use defenses such as res judicata or collateral estoppel in spite of such denial, as identified by the plaintiff on his filing (doc# 67)

The Honorable Jesse M. Furman
October 21st 2021

"vested interests" in dismissing the lawsuit because the claims identified therein weaken their defense against plaintiff's hostile work environment claims, and weaken Joanna's personal defense on her own criminal or malicious acts. The plaintiff respectfully requests the court to refer to docket entries on the US Court of Appeals for the Third Circuit (*case# 21-1411*) for a full factual and legal analysis of his incorrectly dismissed Appeal.

Such direct influence by a corrupt and criminal Deloitte DOJ agent on the Judicial system provides a direct inference of her influence on plaintiff's pending appeal at the US Court of Appeals for the Second Circuit – and reflects extremely poorly on the court professionals involved, and their ability to agree, acknowledge and accept deceptive techniques by a wicked person.

Dismissal of plaintiff's appeal on the US Court of Appeals for the Third Circuit (*case# 21-1411*) for plaintiff's failure to timely file a brief when the plaintiff clearly filed a Motion for Stay and Extension amounts to abuse of discretion.

The real reasons for Joanna to influence court personnel "*on the name or under the cloak of a pregnant supervisor*" and obtain such a dismissal are (a) to create immunity for Joanna Rohde – who has identified herself as a Department of Justice / secret-service agent from criminal charges, (b) to create a falsehood or deception that such denial would provide immunity to Deloitte Consulting LLP, (c) to ensure that plaintiff's citation of the meeting of minds doctrine from early 2021 on this case (case# 21-1411) cannot be used by other Deloitte employees against Joanna Rohde (the sponsorer of Deloitte's lawsuit), and (d) the plaintiff is unable to timely or correctly file an appeal or other and further legal measures as necessary.

The Honorable Jesse M. Furman
October 21st 2021
Wherefore, order the following:

1. Grant the plaintiff a two-week extension to file his memorandum of law for Judge Furman's Recusal

2. Grant the plaintiff a page limit extension for upto 45-pages on his memorandum of law

3. Issue a declarative order citing that plaintiff's valid appeal on the US Court of Appeals for the Third Circuit (case# 21-1411) was dismissed without any legal reason, legal argument or analysis

Thank you for your time and assistance in this matter.

*Sincerely,*
*Ashu Shukla*
*Plaintiff*
*10/21/2021*

(cc) Defendant Attorneys via ECF
(cc) Magistrate Judge Stewart D. Aaron via ECF (copied)

Application GRANTED in part and DENIED in part. Plaintiff is granted an extension until **November 4, 2021**, to file a memorandum in support of his motion to recuse. All other requests, including the request to file an oversize memorandum, are denied; accordingly, the memorandum **may not be more than 25 pages in length.** Plaintiff is cautioned in no uncertain terms that his memorandum of law (indeed, all of his submissions) may not contain baseless allegations or arguments and that he should refrain from casting unfounded and contemptuous aspersions on the judges or the staff of this Court. Continuing failure to abide by those standards may result in dismissal of Plaintiff's lawsuit, if not entry of an order limiting his right to file future lawsuits in this Court. The Clerk of Court is directed to terminate ECF No. 77. SO ORDERED.

October 22, 2021