```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
ASHU SHUKLA,                                                      :
                                                                  :
                           Plaintiff,                             :
                                                                  :    21-CV-3287 (JMF)
                 -v-                                              :
                                                                  :    MEMORANDUM OPINION
APPLE INC., et al.,                                               :    AND ORDER TO SHOW
                                                                  :         CAUSE
                           Defendants.                            :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

  Plaintiff Ashu Shukla, proceeding *pro se*, filed a Complaint on April 14, 2021, alleging employment discrimination claims and other claims under federal and New York law against his former employer, Deloitte Consulting LLP ("Deloitte"), and Apple Inc. *See* ECF No. 1. On October 4, 2021, Shukla filed a motion to recuse the undersigned. *See* ECF Nos. 69, 70. For the reasons that follow, Shukla's motion is DENIED as frivolous. Moreover, in light of Shukla's repeated violations of this Court's rules and orders, Shukla's electronic filing privileges are hereby REVOKED and he is ORDERED to show cause as to why his claims should not be dismissed and a litigation bar as to the claims imposed.

  Significantly, the instant action is not Shukla's first relating to his grievances with Deloitte. He filed an earlier lawsuit raising similar claims, *Shukla v. Deloitte Consulting LLP*, No. 19-CV-10578 (AJN) (SDA) ("*Shukla I*"), which was assigned to the Honorable Alison J. Nathan. On August 20, 2021, Judge Nathan dismissed that case with prejudice under Rules 37 and 41(b) of the Federal Rules of Civil Procedure. *See Shukla I*, ECF No. 323. As Judge Nathan explained:

> Plaintiff has refused to accept unfavorable rulings from the Court.  Plaintiff has continually deemed each decision that does not go his way "biased," *see e.g.*, Dkt. Nos. 269, 270, 273, 276, 285, 289, 295, 297, and responded with meritless motions for reconsideration, motions to "vacate," or motions to "reopen," *see e.g.*, Dkt. Nos. 111, 125, 146, 149, 157, 159, 209, 214, 224, 226, 252, 270, 281, 285, 289, 299, 303, 307, 310, 315, 317.  Plaintiff has repeatedly flouted the Court's orders and disobeyed its clear instructions, *see e.g.*, Dkt. Nos. 267, 277, 288, 298, 306, 309, including by refusing to consent to his court-ordered deposition, *see* Dkt. No. 314.  Indeed, on a few occasions Plaintiff has gone as far as to presumptuously declare that the Court's orders are invalid or that the Court lacks authority, *see, e.g.*, Dkt. No. 270, 289, or that motions the Court had already denied were "still valid and must be accepted by the court," Dkt. No. 299, or that Plaintiff had "disqualified" Judge Aaron from this case, despite the fact that Plaintiff's previous motions for recusal have all been denied as meritless.  Dkt. No. 285.  Further, Plaintiff has continued to display caustic behavior unfit for litigants before this Court.  This has included leveling insults and outlandish accusations against the Court, opposing counsel, and other individuals involved in this litigation.  *See, e.g.*, Dkt. Nos. 270 (accusing the Court of "co-writing" an order with the Defendant), 270 (calling for the arrest and criminal prosecution of Defendant's employee), 297 (making frivolous accusations of bias against the Court's employees), 316 (making a sanctionable insult towards Judge Aaron), 332 (launching personal attacks against opposing counsel).

*Id.* at 5.  In the same decision, Judge Nathan explicitly warned Shukla that "continuing his behavior in future cases could result in an anti-filing injunction."  *Id.* at 9.

This Court previously noted that, "[g]iven the relationship between this case and *Shukla I*, the Court will consider the record in that case when deciding how to address further misconduct in this case. . . . [and] considering the record in *Shukla I* and the record in this case together, the Court will not hesitate to dismiss the case if Shukla files any more frivolous motions . . . [or] fails to comply with the Court's Orders."  See ECF No. 37, at 1-2.  In addition, like Judge Nathan, the Court has warned Shukla on several occasions that he must abide by the Court's orders, avoid filing frivolous motions (to reconsider and otherwise), and refrain from vexatious and inappropriate behavior.  See ECF Nos. 28, 31, 33, 37.  Despite these repeated warnings, Shukla has repeatedly flouted the Court's instructions, filing numerous frivolous motions and other inappropriate documents on the docket and leveling insults and outlandish

2

accusations against court personnel, Magistrate Judge Stewart D. Aaron, other judges in this district, the presiding judge, and the Court itself.

To begin with, shortly after his case was filed, Shukla moved to disqualify Magistrate Judge Aaron.  *See* ECF No. 24.  In that motion, Shukla inappropriately accused "female court clerks" of harboring anti-male bias, ECF No. 24-1, at 9 — an ongoing theme of Shukla's many filings —and snidely described Magistrate Judge Aaron as "famous and charismatic," ECF No. 25 ¶ 17.  The Court denied Shukla's motion as frivolous and warned him that "future such filings may result in sanctions, up to and including dismissal of his claims."  ECF No. 28, at 2.  Shukla responded by informing the Court that he "w[ould] not accept" the Court's order on his request, that "[s]uch poor quality decision making d[id] not bode well" for the Court, and that the presiding judge had "plaintiff's permission to recuse himself from the case."  ECF No. 29, at 1-2.  Shukla then proceeded to file a series of baseless motions for reconsideration of the Court's decision, *see* ECF Nos. 30, 32, 34, each of which the Court denied as frivolous, while repeatedly warning Shukla against continuing to make such frivolous filings, *see* ECF Nos. 31, 33 (noting that "Shukla is once again warned however, that if he continues to file frivolous submissions and abuse the litigation process — for example, by seeking reconsideration serially — that sanctions may be imposed, up to and including dismissal of his case"), ECF No. 37 (warning Shukla "that further vexatious behavior may result not only in dismissal of this suit, but also in the imposition of a 'litigation bar' that prohibits the filing of new lawsuits without prior leave of the Court").

Nevertheless, Shukla continued to file documents insulting the Court and Magistrate Judge Aaron.  For example, in a filing dated September 13, 2021, he stated that "no rational or reasonable Judge in the United States would have used such biased terminology as identified in a series of court orders held against the plaintiff" and accused Magistrate Judge Aaron of "abuse of

discretion [and] extreme partiality." ECF No. 50, at 2. In a filing titled "Motion [to] take judicial notice that Plaintiffs complete opposition Order #57" — a routine scheduling order — Shukla argued that "Deloitte appears to be using their corporate influence to negatively influence the court personnel to support their business objectives," ECF No. 59, at 5, accused the Court of entering into a "conspiracy to violate plaintiff's civil and constitutional rights," and claimed he could "provide a factual basis to support a meeting of minds between Deloitte Consulting LLP, Judge Nathan Alison [sic], Judge Furman and Magistrate Judge Aaron," *id.* at 9. After the Court denied this "motion," ECF No. 60, Shukla filed yet another motion for reconsideration leveling further bizarre accusations. *See* ECF No. 67, at 2 (arguing that one of Deloitte's employees "appears to have used her position as a government agent to influence the US Courts to enter judgements in favor of Deloitte . . . it can be inferred that such favors were achieved indirectly through 'meeting of minds' with female court personnel."). The Court informed Shukla that he was not permitted to "file any further motions for reconsideration of the Court's scheduling order at ECF No. 57" and, once again, warned Shukla that "further vexatious behavior may result not only in dismissal of this suit, but also in the imposition of a 'litigation bar' that prohibits the filing of new lawsuits without prior leave of the Court." ECF No. 68.

      That brings the Court to the instant motion. Dissatisfied with the Court's rulings, Shukla moved on October 4, 2021, to recuse the undersigned, ECF No. 69, stating disrespectfully that he had "received umpteen biased orders from Judge Furman on this case"; that he "ha[d] been receiving notices signed by the Judge, but has no way to verify whether such decisions were actually taken by the Judge or by a motivated female clerk on behalf of the Judge"; and that "[b]aseless threats by a biased Judge" — i.e., warnings from the Court regarding the consequences of further frivolous or baseless filings — "would not be entertained by the

4

plaintiff," ECF No. 70.  Shukla sought additional time to file a memorandum of law in support of his motion for recusal, which the Court granted by Order entered on October 22, 2021, albeit with a warning that any memorandum could not "contain baseless allegations or arguments and that he should refrain from casting unfounded and contemptuous aspersions on the judges or staff of th[e] Court."  ECF No. 78, at 6.  The Court further warned that "failure to abide by those standards may result in dismissal of Plaintiff's lawsuit."  *Id.*  Later that same day, Shukla called the undersigned's Chambers — in blatant violation of the rules against *ex parte* communications and direct contact with the Court by unrepresented parties — first leaving a message and then speaking to a member of the Court's staff.  In substance and in part, Shukla stated that the Court's October 22, 2021 Order contained "obscene threats from a judge," that he wanted a telephone conference with the Court to discuss these threats, and that "it is very unfortunate for the Southern District . . .  I feel I am a very unfortunate person to have this judge."

Shukla's memorandum of law in support of recusal was due by November 4, 2021.  *See* ECF No. 78, at 6 (granting an extension).  He failed to file a memorandum by that date, although he has filed several other documents in which he continues to make baseless, if not bizarre, allegations of bias and conspiracy.  *See* ECF No. 79, at 2 (describing "the collaboration of Deloitte Consulting LLP DOJ agent with Judge or Staff"); ECF No. 87, at 6 (arguing that "a 62-year old female [Deloitte] employee . . . has used the protected characteristics of a pregnant supervisor, and the civil, constitutional rights and position of women in the United States . . . including . . . female court clerks, etc. to further her malicious acts" (emphasis omitted)); ECF No. 88, at 1 (alleging that Shukla's attempt to file a memorandum of law on another issue was "intentionally sabotaged by Deloitte"); *id.* at 2 ("[A named Deloitte employee] has constantly biomedically manipulated the plaintiff by disturbing plaintiff's sleep and his health.  Previously,

the plaintiff has identified that she uses radio waves to invoke electrical impulses from devices such as a refrigerator and air conditioner to biomedically manipulate the plaintiff. The science behind this is not a secret and can be confirmed by other law enforcement professionals in the United States.").

To the extent Shukla continues to seek recusal of the presiding judge, that motion is hereby DENIED. Shukla's failure to file a memorandum of law in support of his motion is sufficient alone to deem the motion abandoned. *See Fieldcamp v. City of New York*, 242 F. Supp. 2d 388, 391 (S.D.N.Y. 2003) (quoting *Anti-Monopoly, Inc. v. Hasbro, Inc.*, 958 F. Supp. 895, 907 (S.D.N.Y. 1997) ("[T]he failure to provide argument on a point at issue constitutes abandonment of the issue."); *cf.* 28 U.S.C. § 144 (requiring a party seeking recusal on the basis of "personal bias or prejudice" to file an "affidavit . . . stat[ing] the facts and the reasons for the belief that bias or prejudice exists"). In any event, Shukla has failed to provide any evidence whatsoever of bias that would support recusal. *See Sibley v. Geraci*, 858 F. App'x 415, 417 (2d Cir. 2021) (summary order) (holding that a motion for recusal of the presiding judge was properly denied where the plaintiff had raised only "speculative assertions" and "did not allege, let alone demonstrate, that [the judge] was biased against him nor did he allege any facts suggesting that [the judge's] impartiality could be questioned"); *Mitchell v. Mayorkas*, No. 20-CV-1183-JLS, 2021 WL 4244327, at *2 (W.D.N.Y. Aug. 24, 2021) ("A district judge's prior decisions adverse to a defendant do not merit recusal.").

More broadly, Shukla's continuing pattern of unacceptable conduct — which began before Judge Nathan in *Shukla I* and has continued unabated this case — calls for more than just another warning. First, Shukla has repeatedly abused the Court's electronic filing system, both by filing frivolous motions and other documents and by filing documents in which the text

appearing on the docket (entered by the filer) does not match the contents of the filing. *See, e.g.*, ECF Nos. 70, 87. In doing so, Shukla has ignored warnings from this Court and from another judge in this district. Given that Shukla's "use of the ECF system is unsatisfactory," *see* ECF No. 6 ¶ 9; *see also, e.g.*, *Gurvey v. Cowan, Leibowitz & Latman, P.C.*, No. 06-CV-1202 (LGS) (HBP), 2015 WL 5472893, at *7 (S.D.N.Y. Sept. 17, 2015), and that use of the ECF system by a *pro se* litigant is a privilege, not a right, Shukla's ECF filing privileges, granted at ECF No. 40, are hereby REVOKED. Shukla may no longer file documents electronically. Instead, he must file documents using the procedures available to all *pro se* litigants, by either (1) submitting all filings as PDFs by email to Temporary_Pro_Se_Filing@nysd.uscourts.gov; (2) submitting documents by regular mail to the Pro Se Office, Thurgood Marshall Courthouse, 40 Centre Street, Room 105, New York, New York 10007; or (3) submitting documents in person at the drop box located at the U.S. Courthouse at 500 Pearl Street.

Finally, Shukla is hereby ORDERED to show cause why the Court should not dismiss his claims and impose a "litigation bar" prohibiting the filing of new lawsuits based on these claims without prior leave of the Court. A district court may dismiss a plaintiff's claims for failing to comply with the Federal Rules of Civil Procedure or the Court's Orders. Fed. R. Civ. P. 41(b); *see, e.g.*, *Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 468 (2d Cir. 2013). And it is well established that "a district court may, in its discretion, impose sanctions," including a litigation bar, "against litigants who abuse the judicial process," by filing "vexatious, harassing or duplicative lawsuits[,] . . . caus[ing] needless expense to other parties or . . . pos[ing] an unnecessary burden on the courts and their personnel." *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005) (per curiam) (internal quotation marks and alterations omitted); s*ee, e.g.*, *Gertskis v. New York Dep't of Health & Mental Hygiene*, No. 13-CV-2024

(JMF), 2014 WL 2933149, at *6-7 (S.D.N.Y. June 27, 2014) (imposing a litigation bar). Accordingly, no later than **December 10, 2021**, Shukla shall show cause, in a memorandum not to exceed twenty-five pages, why his claims should not be dismissed and a litigation bar imposed. Defendants may (but are not required to) respond by memorandum of law to be filed by **December 23, 2021**. (No reply may be filed without **prior** leave of Court.) All other dates and deadlines, including Shukla's **November 25, 2021** deadline to file an amended complaint or his opposition to Defendants' motions to dismiss, *see* ECF No. 57, remain in effect.

The Court finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate ECF Nos. 69, 70, and 79 and, **after docketing this Memorandum Opinion and Order (to ensure that Shukla receives it)**, to revoke Shukla's privileges to use the ECF System. Future orders of the Court will be mailed to Shukla at the mailing address on record, as is typical in *pro se* cases. Defendants shall serve Shukla with any future filings by mail as well and promptly filed proof of such service on the docket.

      SO ORDERED.

Dated: November 12, 2021
       New York, New York
                                      JESSE M. FURMAN
                                     United States District Judge