**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------X

ASHU SHUKLA,                                                      **Index No.:**
                                                                  **1:21-CV-03287-JMF**

                         Plaintiff,


          -against-                                               **NOTICE OF APPEAL**


APPLE INC,

DELOITTE CONSULTING LLP,

                         Defendant.

-----------------------------------------------------X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: _12/17/2021_

## NOTICE OF APPEAL FOR PLAINTIFF'S MOTION FOR DISQUALIFICATION OF JUDGE FURMAN

PLEASE TAKE NOTICE AND/OR BE ADVISED that on December 17st 2021, the Plaintiff of

this case, Ashu Shukla, case# *1:21-CV-03287-JMF*, hereby appeals to the Court of Appeals for the

Second Circuit to grant his Motion to disqualification of Judge Furman form this case.



The Court of Appeals for the Second Circuit has jurisdiction of this case on appeal, as this motion

was incorrectly denied by the District Court Southern District of New York (SDNY). The Court

orders cited on this Notice to Appeal include order# *93 [Exhibit I], 98 [Exhibit J]* on the court

docket. The Clerk of Court is requested to please omit nothing from the record on appeal.



The plaintiff would like to highlight the following facts, case law citations and arguments on his

notice of Appeal:

Since plaintiff's request for Judge Furman to disqualify Magistrate Judge Aaron from the case, Judge Furman has maintained a discriminatory motive against the plaintiff. Court orders held by Judge Furman are unreasonable. Based on his Pattern of Judgements, **Judge Furman** has shown a higher likelihood of holding biased orders on the case, and **has demonstrated that he may hold / provide unbiased Judgements** on plaintiff's pending claims such as discrimination based on gender, negligence, recruitment fraud, abuse of H-1B visa or Whistle Blower claims.

For example, on or before his November 4th 2021 deadline, the plaintiff sought for an extension or demonstrated circumstances that warranted the court to grant an extension. However, Plaintiff's filings and the subsequent Memorandum of Law for Judge Furman's recusal filed under good faith was not considered by Judge Furman. Previously, the plaintiff has shown a has shown a reasonable possibility of defendant Deloitte Consulting LLP's agents' influence on the court.[1]

## I.   Judge Nathan's Order# 323 on plaintiff's employment lawsuit is conclusionary and without merits:

A rational observer may identify that Judge Nathan's Order# 323 on plaintiff's employment lawsuit, case# 1:19-cv-10578-AJN is conclusionary and without merits. None of the observations identified by Judge Nathan on Order# 323 are correct. The plaintiff has **strong evidence or**

---

[1] The person identified by the plaintiff, Joanna Rohde, representing Deloitte Consulting LLP has identified herself as a DOJ agent. Dismissal of a lawsuit is a very small price to pay for the life, liberty and right for justice of an individual. The court must also note that the plaintiff is neither perturbed nor disturbed or threatened by the actions of a few individuals who intend to abuse the judicial process on the name of saving a few pennies for Deloitte – a firm that earns more than $50 Billion USD per year.

**inferences** to support his accusations against the Court, opposing counsel, and other individuals involved in this litigation. Such evidence or inferences provide enough supporting facts for an **unbiased observer to provide a favorable Judgement to the plaintiff**.

For example, the plaintiff identified 5-factors which Judge Aaron failed to consider on his ruling pursuant to Rule 41 of the Federal Rules of Civil Procedure. The exact same set of facts, case law and inference were identified on plaintiff's motion for reconsideration of recusal (doc# 35) on this case, however, Judge Furman, instead of conducting his own analysis, denied the filing as frivolous. The court must identify specific reasons for denial of a valid Motion, and conclusionary statements do not hold ground.

**First**, when a party denotes a motion as non-frivolous, based on case law and facts, there is absolutely no basis for the Court to deny the same motion as "Frivolous". The plaintiff has aptly identified specific case law and citations that have directly challenged all of previous identical orders by Judge Furman on this case (and for that matter Judge Nathan Alison on plaintiff's employment complaint).

**Second**, the plaintiff filed one motion for deposition of Dr. Niti Aggarwal (doc# 300), and one-motion for reconsideration for the same (doc# 317). Per the court order (doc# 319), the plaintiff filed a single reply (doc# 322) to defendant's response on the motion. Thus, Judge Nathan Alison **erred** in identifying that the plaintiff has filed **several motions on the exact same issue** (id). The fact remains that the plaintiff filed **ONE Original Motion** and **ONE Reconsideration Motion** on this issue. On his Motion for reconsideration, the plaintiff requested the court to present him with

a subpoena to take deposition of Dr. Aggarwal, however, the court overlooked plaintiff's request. The plaintiff could depose Dr. Aggarwal, however, **the court** considered only deposition by the defendant on the matter and **failed to consider deposition by the plaintiff**. Thus, dismissal of a case in filing a Motion for Reconsideration is a drastic step that not only presents bias by a district court judge, but also presents injustice.

**Third**, the plaintiff has demonstrated extreme bias by Magistrate Judge Aaron to Judge Furman. However, since each of Judge Furman's orders have dismissed plaintiff's arguments as frivolous, and since each such order has failed to provide any further logical or rational explanation of denial, it is plaintiff's legal right to file a Motion for reconsideration pursuant to Court order by Judge Nathan (**doc# 267**). On her court order, Judge Nathan has clearly identified that the plaintiff may appeal to a denial by filing Motion for Reconsideration (sic).

**Fourth**, Post **Order# 267 (page# 8 & 9)** on plaintiff's employment lawsuit, the plaintiff has not violated any Federal Rules or Local Rules practiced by the Southern District of New York on his court filings, and has adhered to the very guidelines presented by Judge Nathan. The order clearly states "The Plaintiff may only challenge the rulings in this Court through the following methods: (1) a motion for reconsideration or (2) an objection (for Judge Aaron's orders) or (3) an appeal to the Second Circuit (for the Undersigned's appealable orders)", and each of plaintiff's filings have specifically adhered to such guidelines. In fact, Judge Nathan erred in stating that the plaintiff did not adhere to these very guidelines on her order# 323, which clearly **demonstrate bias** and **misrepresentation of facts** by Judge Nathan.

4

**Fifth**, on her own orders, Judge Nathan has clearly stated that plaintiff's Motion to Vacate would be considered as Motion for Reconsideration pursuant to Federal Rules of Civil Procedure Rule 72 (example order# 319), which clearly overrule her own decision on doc# 323 which state that plaintiff's Motion to Vacate was incorrectly filed. Furthermore, on each such motion, Judge Nathan has failed to make a **de novo determination** of those portions of the report or specified proposed findings or recommendations to which objection is made. Thus, the plaintiff, just like any rational observer, has every reason to challenge such a court order held without proper analysis or <u>without de novo determination</u> of his legal arguments.

**Sixth**, rather than make a proper de novo determination of plaintiff's Motion, in order to serve the business interests of Deloitte Consulting LLP Judge Nathan held that "*The Court finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962)*". Such gender motivated frivolous orders to potentially save a large firm from litigation is deeply concerning, especially when the firm portrays that they intend to potentially limit additional lawsuit from their own employees who, as a matter of fact, aided and abetted human resource professionals in their malicious acts.

II.   **Judiciary is being misused to provide false and improper defense to Deloitte Consulting LLP:**

Court order on case 1:21-cv-03287-JMF, order# 37, has been clearly placed to help protect Deloitte from plaintiff's Motion# 64 on his employment lawsuit case# 1:19-cv-10578-AJN filed in the month of August 2020.

Based on the court order and the analysis of the cited case *Gertskis v. New York Department of Health (2014 WL 2933149)*, it appears that the court order has been specifically placed to help protect the internal coordination between Deloitte HR professionals like Joanna Rohde and Sriram Ramamurthy. Specifically, in August 2020, the plaintiff filed a Motion requesting for expedited discovery and deposition of Sr. Manager Sriram Ramamurthy. Mr. Ramamurthy approached the plaintiff shortly after the plaintiff filed his ethics complaint in early 2018 requesting for employee details from his ethics complaint (refer doc# 64). In August 2020, Magistrate Judge Aaron denied plaintiff's motion for expedited discovery, and Mr. Ramamurthy was thereafter transferred from Deloitte Consulting LLP to a different firm.

Based on Judge Aaron's biased decision, since the plaintiff was unable to uncover new evidence, the citation and application of *Gertskis v. New York Department of Health (2014 WL 2933149)* case **immediately becomes questionable**, because in the *Gertskis* case [2] the court cited that "newly discovered evidence does not preclude the application of res judicate unless evidence was either **fraudulently concealed** or **could not have been discovered with due diligence**" (id). Altogether, the *Gertskis* case has been cited by courts to (a) identify use of documentary evidence

---

[2] Gertskis was discriminated and retaliated against by his employer New York Department of Health & Mental Hygiene. Plaintiff's initial wrongful employment termination case was dismissed in year 2009, and the plaintiff refiled the same case in 2013. However, his claims were barred by res judicata.

in prior litigation between the same parties, and (b) applicability of *Res Judicata* on that very specific instance. (*see Thoman vs. New York City Department of Education, case# 15-cv-08934-JMF*).

Based on Deloitte's motion practice, and this court continuing support to Deloitte to conceal the protected characteristics of women employees such that the terminated male employees may not **<u>hypothetically</u>** file a lawsuit against Deloitte, it is clear that Deloitte intends to invoke the *Gertskis* case citation on their upcoming Motion to Dismiss pursuant to Rule 12(b)(6). However, the court must note that on plaintiff's employment lawsuit, documentary evidence has not been provided in -support or in-opposition to defendant's Motion to Dismiss pursuant to Rule 12(b)(6). Thus, the court does not have the ability to use the *Gertskis* case to dismiss plaintiff's discrimination claims that provide a direct inference of gender-based discrimination or negligence.

Specifically, the Southern District of New York court approved plaintiff's claims under discrimination based on race and national origin, and retaliation in November 2020. Since Deloitte intentionally and knowingly transferred employees like Mr. Nagaraja and Mr. Ramamurthy, and since Deloitte has very recently specifically invoked Res Judicata on the employment lawsuit as a defense, the facts remain "<u>Fraudulently Concealed</u>" or "<u>Could have been discovered with due diligence but was not</u>".

Hence, the defendant's defense usage the <u>doctrine of Res Judicata becomes invalid</u>, specifically because Deloitte Consulting LLP used Sr. Manager Binu Janardhanan to file baseless and fraudulent allegations against the plaintiff has identified by the defendant on their document

production, and defendant transferred key witnesses to other firms. Plaintiff's allegations clearly contradict Mr. Janardhanan's assertions filed specifically to suit the business interests of Deloitte[3]. Upon knowledge and belief, Mr. Janardhanan was recently transferred from Deloitte US to another foreign Deloitte office, in an effort to limit Deloitte's liability on the matter [4].

Because evidence on such issues has been fraudulently concealed, such actions by Deloitte Consulting LLP and Magistrate Judge Aaron **directly provide the plaintiff an opportunity to file an amended complaint** and **include such allegations** pertaining to claims already approved by the court.

Judge Furman must also note that since the issue was fraudulently concealed by Deloitte and not raised pending due diligence, the defense of res judicata is not applicable. *Tompkins v. Local 32BJ, SEHHU, No. 11-cv-0414 (KBF), 2012 WL 1267876 at 3 (SDNY Apr 12 2012).* Also, the claim preclusion doctrine is also invalid on this case because the court has already approved such claims under similar allegations.

III.     **Pattern of biased court orders, without proper analysis by Judge Furman:**

**Motion# 1:** Motion for Disqualification of Magistrate Judge Aaron (doc# 24)

---

[3] Deloitte's interest on the matter, first by promoting employees Binu Janardhanan and Ashley Scorsatto in 2018, and then by sponsoring Mr. Janardhanan's business education (MBA) further provide an inference of discrimination against the plaintiff. The plaintiff was clearly singled out as identified on the merits of the complaint.

[4] Previously, Deloitte has transferred Partner Deborshi Dutt to UK office to achieve the exact same objective. However, since such allegations have clearly been filed previously, Deloitte cannot escape any future liability because the evidence on similar issues were fraudulently concealed or could have been discovered with due diligence.

**Date Filed: 06/10/2021**

| Legal Basis of Plaintiff's Motion | Date / Reason for Denial |
|---|---|
| Magistrate Judge Aaron abused his discretion in more than 10 court orders (*see declaration hgin support doc# 25*). Total 38 different reasons for disqualification of Judge Aaron were cited on ***doc# 25*** | **Date of Denial: 06/21/2021 (docket order# 28)** **Reasons Presented:** |
| Judge Aaron's Motivation in intentionally denying plaintiff's valid motion were cited in the Memorandum of Law**.** Total 6 sets of Motivations were cited on ***doc# 26*** | The court cited "*Mr. Shukla's motion — which is based solely on Magistrate Judge Aaron's rulings in Shukla v. Deloitte Consulting LLP, No. 19-CV-10578 (AJN) (SDA) ("Shukla I") — is DENIED as patently frivolous*". |
| Judge Aaron's incorrect denial of plaintiff's gender discrimination claims, including mandate and precedence by the US Supreme Court and US Court of Appeals for the Second Circuit were identified in plaintiff's Memorandum of Law. Total 17 different case law citations were identified on ***doc# 26 Pages 8 – 12*** | No valid reasons were presented by the court on their conclusionary decision. Two unrelated cases with no connection whatsoever to plaintiff's case were cited - *Williams v. City Univ. of N.Y., 633 F. App'x 541, 544 (2d Cir. 2015); Gallop v. Cheney, 645 F.3d 519, 521 (2d Cir. 2011)* |
| Judge Aaron's incorrect denial and clear abuse of discretion of plaintiff's hostile work environment claims, including mandate and precedence by the US Supreme Court and US Court of Appeals for the Second Circuit were identified in plaintiff's Memorandum of Law. | On the court order, there was no analysis or mention of the background of the motion, no mention of the legal standards cited or applied. There was no discussion section. In fact the court failed to consider the very essence of plaintiff's motion, failed to identify even one argument that Magistrate Judge Aaron could withstand. Such conclusionary denial can be inferred as a questionable judgement by Judge Furman's court. |

Total 13 different case law citations were identified on **_doc# 26 Pages 12 - 15_**

Judge Aaron's incorrect denial and clear abuse of discretion of plaintiff's negligence claims, aider and abettor claims, and violation of New York Labor Laws, including case law, citation on similar cases, mandate and precedence by the US Supreme Court and US Court of Appeals for the Second Circuit were identified in plaintiff's Memorandum of Law. Total 15 different case law citations were identified on **_doc# 26 Pages 15 – 20_**

Judge Aaron's incorrect denial of plaintiff's discovery motions and requests, including most recent discovery request and court order# 251, were identified on plaintiff's memorandum of law. The plaintiff identified 5 sets of arguments and 12 case law citation on **_doc# 26 Pages 20 – 26_**.

There was no legal basis or rational argument made by Judge Aaron on his decision, and his biased decision including his order on depositions prior to completion of paper discovery was a clear abuse of discretion

In a **blatant disregard** to plaintiff's civil and constitutional rights, Judge Furman mentioned "*Indeed, Mr. Shukla's motion is so frivolous as to be sanctionable*". **Judge Furman should have conducted a comprehensive analysis and presented more rational and unbiased reasons for denial of plaintiff's very first motion on this case.**

Judge Furman further declared that "Making matters worse, he (the plaintiff) peppers his papers with insolent references to Court personnel, baselessly accusing "***female court clerks" of harboring anti-male bias***, ECF No. 24, at 6-7". However, the plaintiff stated this argument in accordance to the precedence set by the Second Circuit Court of Appeals on Doe v. Columbia, 831 F.3d at 58 n.11. On the Doe case, the US Court of Appeals for the Second Circuit reasoned that it was plausible that the university was motivated to "favor the accusing female over the accused male" in order to demonstrate its commitment to protecting female students from male sexual assailants. Similarly, the plaintiff argues that Judge Aaron's clerk, Miss Alison Martin, is harboring such motivation to favor Deloitte Consulting LLP and their accusing female over the male plaintiff, in order to demonstrate its commitment to protecting females.

In addition, by overlooking facts and the precedence set by higher courts, it is plausible that Miss Alison Martin is harboring such motivation to favor Deloitte Consulting LLP and its female employees from the male plaintiff and male Deloitte employees mentioned on plaintiff's complaint who were terminated by Deloitte and who are within one year statute of limitations prior to the court order dated 06-21-2021

Judge Furman overlooked the precedence set by the US Court of Appeals on the exact same issue as cited by the plaintiff on his Memorandum of Law (doc# 26).

Then Judge Furman **inappropriately interpreted** plaintiff's statements and identified that plaintiff "*snidely described Magistrate Judge Aaron as "famous and charismatic*," ECF No. 25 ¶ 17"

Judge Furman then announced that "*The Court will not impose sanctions on Mr. Shukla at this time given that he has not been previously warned in this case about the use of such language or the filing of baseless requests*". However, the plaintiff did not use any derogatory language, but in fact presented facts and case law in accordance to the Federal Rules of Civil Procedure and local rules.

Thus, it is clear that Judge Furman (a) repeatedly abused his discretion, (b) failed to identify relevant

| | facts to support his arguments, (c) failed to analyze plaintiff's facts, case law citation and precedence by higher courts, and (d) held a biased decision to support his colleague. |
|---|---|

**Motion# 2:** Motion for Reconsideration for Disqualification of Magistrate Judge Aaron (doc# 29, 30)

**Date Filed: 07/11/2021**

| Legal Basis of Plaintiff's Motion | Date / Reason for Denial |
|---|---|
| The Plaintiff argued that on his Motion for disqualification of Judge Aaron, the plaintiff has presented the very same legal arguments on the merits of his Fourth Amended Complaint which **was and still is pending** before Judge Nathan on his employment lawsuit (*doc# 282*). The plaintiff provided exhibits as evidentiary support. | **Date of Denial: 07/13/2021 (docket order# 31)** **Reasons Presented:** The court ordered that "The motion to reconsider is DENIED as frivolous". No further justifications or reasons were provided. |
| The plaintiff argued that he had shown a reasonable possibility that the Magistrate Judge has (a) abused its discretion, (b) denied plaintiff's right to due process, and (c) right to equal protection under the United States Constitution. | Facts and legal arguments presented by the plaintiff were overlooked by the court. It is easy for a rational observer to conclude that such orders are clearly being held to abuse the pro-se plaintiff's civil and constitutional rights and to provide support to Deloitte's business objectives. |
| Plaintiff argued that defense attorneys themselves acknowledged the validity and | |

veracity of plaintiff's gender discrimination claims on the May 13th 2021 court conference call. The plaintiff also identified that Deloitte HR representatives acted with **Motive and Intentionally discriminated against the plaintiff.**

The Plaintiff provided additional facts that support abuse of discretion by Magistrate Judge Aaron, specifically that Judge Aaron overlooked more than 100 specific deficiency items on plaintiff's request for production of document served to the defendant from year 2019 onwards, that plaintiff's timely served eighth request for production of documents to defendant was incorrectly denied by Judge Aaron which provide **direct inference** that by denying plaintiff's **negligence**, **aider and abettor**, **violation of New York Labor Law** and **gender discrimination claims,** Judge Aaron intends to provide judicial immunity to Deloitte and certain employees of Deloitte

Since **Judge Aaron** has maintained a **discriminatory motivation** towards the plaintiff and has **violated of Plaintiff's Civil and Constitutional Rights**, such acts support plaintiff's Notice to Judge Aaron that the plaintiff would be filing a lawsuit against him.

| | |
|---|---|
| The plaintiff also identified a bunch of pending motions before the court. Based on the recent court order# 40, it appears that Magistrate Judge Aaron intends to **knowingly provide additional time** to defendants Apple and Deloitte Consulting LLP and **purposely delay** their reply / response to plaintiff's complaint beyond September and into October 2021 to **further support the business interest of Deloitte** (specially given the fact that Magistrate Judge Aaron incorrectly denied plaintiff's claims for negligence, aider and abettor, labor law violation and gender discrimination claims – which are directly ties to this well pleaded complaint) | |

**Motion# 3:** Motion for Reconsideration for Disqualification of Magistrate Judge Aaron (doc# 32)

**Date Filed: 07/27/2021**

| Legal Basis of Plaintiff's Motion | Date / Reason for Denial |
|---|---|
| The plaintiff identified that Judge Furman must provide a legal and rationale basis for denial of plaintiff's valid Motion.<br><br>The plaintiff had presented a reasonable basis for fact and law on his motion for | **Date of Denial: 07/29/2021 (docket order# 33)**<br>**Reasons Presented:**<br><br>The court ordered that "The motion to reconsider is DENIED as frivolous". Shukla v. Apple Inc., No. *21-CV-3287 (JMF), 2021 U.S. Dist. LEXIS 115216,* |

reconsideration, and such basis cannot be held as frivolous. The plaintiff presented **fifteen (15) different case law citations** by the US Supreme Court and the US Court of Appeals which have identified the **frivolousness issue** in plaintiff's favor. The plaintiff presented three main reasons why plaintiff's filing cannot be denied as frivolous.

On document 32-2, the plaintiff further identified 10+ different facts which indicate that Judge Aaron has **failed to draw reasonable inferences on plaintiff's employment lawsuit**. Such continuing pattern of failure to provide reasonable Judgements (inferred to indirectly support defendant's business objectives) amount to abuse of discretion and support recusal.

The plaintiff further identified with a reasonable possibility that Deloitte intends to conceal recruitment fraud against its own employees (such as the plaintiff and potentially Kartik Nagaraja).

The plaintiff further identified ten (10) different reasons that Deloitte Consulting LLP intends to **intentionally exhaust** the one-year statute of limitations on court orders that granted plaintiff relief.

*at \*1-2 (S.D.N.Y. June 21, 2021) (ECF No. 28)* (denying motion to disqualify as "patently frivolous" because it was "based solely on Magistrate Judge Aaron's rulings in *Shukla v. Deloitte Consulting LLP, No. 19-CV-10578 (AJN) (SDA) ('Shukla I')"* (citing *Williams v. City Univ. of N.Y., 633 F. App'x 541, 544 (2d Cir. 2015) (summary order); Gallop v. Cheney, 645 F.3d 519, 521 (2d Cir. 2011) (per curiam)).* Shukla's motion to reconsider is once again DENIED as frivolous

The court held that "the Court does not and has not intimated any views one way or the other about the merits or lack thereof of the claims in this case".

However, Judge Furman failed to consider the additional facts and Judge Aaron's failure to draw reasonable inferences. Specifically, Judge Aaron overlooked the guidelines provided by superior courts on the matter - To survive a Rule 12(b)(6) motion, a plaintiff must generally plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).* A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the <u>reasonable inference</u> that the <u>defendant is liable for the misconduct alleged.</u>" *Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Plaintiff's claims on his Fourth*

|  | *Amended Complaint were well pleaded and plausible, however, Judge Aaron overlooked facts as identified on plaintiff's Motion for disqualification (doc# 25).* |
|---|---|

**Motion# 4:** Motion for Reconsideration for Disqualification of Magistrate Judge Aaron (doc# 34)

**Date Filed: 08/13/2021**

| Legal Basis of Plaintiff's Motion | Date / Reason for Denial |
|---|---|
| The plaintiff identified that Magistrate Judge Aaron's attitude and state of mind leads a detached observer to conclude that a fair and impartial hearing on this case is unlikely, and thus Judge Aaron must be disqualified Liteky v. U.S 114 S. Ct., 1147, 1162 (1994)<br><br>The Plaintiff identified that female HR members at Deloitte such as Joanna Rohde, Brenda Arends, Katie Tiller Whittenbraker, Shanah Setzen, Aileen Baxter, Amye Hanes etc. **aided and abetted each other** on their pursuit to save themselves from any professional liability (under the cloak of saving Deloitte from any Partner or firm liability). Such individuals are skilled in deception, motivated and paid by Deloitte to limit firm liability, and have vested malicious interests. | **Date of Denial: 08/25/2021 (docket order# 37)**<br>**Reasons Presented:**<br><br>The court made multiple baseless and unsubstantiated arguments on plaintiff's employment lawsuit. Each such motion on plaintiff's employment lawsuit was properly filed by the plaintiff with due consideration of the guidelines presented by Judge Nathan on her order# 267.<br><br>Judge Furman's August 2021 order appears to be motivated **to serve the business interests** of firm Deloitte Consulting LLP, which terminated employees identified on plaintiff's employment complaint in August 2020.<br><br>The Court held that "Shukla will not be afforded in this litigation as many chances to conform his |

The plaintiff identified that unrelated Cases Cited by Judge Furman (*Williams v. City Univ. of N.Y., 633 F. App'x 541, 544 (2d Cir. 2015) (summary order); Gallop v. Cheney, 645 F.3d 519, 521 (2d Cir. 2011) (per curiam)*) neither have any significance nor provide any basis for denial of plaintiff's valid motion for disqualification.

On the *Gallop complaint*, the plaintiff alleged that former senior government officials caused the September 11, 2001 attacks against the United States in order to create a political atmosphere in which they could pursue domestic and international policy objectives. Plaintiff's motion for disqualification of Judge Aaron is fact based and nowhere related to this frivolous Gallop complaint.

The plaintiff further demonstrated extreme bias and favoritism by Judge Aaron, and highlighted a deliberate pattern of bias on over 20 orders on plaintiff's employment lawsuit.

The plaintiff further cited ten (10) different case citations that support or provide reasoning why Deloitte's res judicata or collateral estoppel defense is invalid.

conduct to appropriate standards as he would have been had this case been filed in a vacuum. Instead, considering the record in *Shukla I* and the record in this case together, the Court will not hesitate to dismiss the case if Shukla files any more frivolous motions to disqualify Magistrate Judge Aaron or motions for reconsideration of the Court's earlier denial of such a motion; nor will the Court hesitate to dismiss the case if Shukla fails to comply with the Court's Orders. For avoidance of doubt: Shukla may not file any further motions for reconsideration of the Court's denial of the motion to disqualify Magistrate Judge Aaron".

However, the **plaintiff has every right to challenge** a biased Judgement held without proper analysis or explanation. Instead of disqualifying Judge Aaron, Judge Furman's has served Deloitte Consulting's objective of having Judge Aaron present a court order on this docket, to further support his 20+ biased orders on plaintiff's employment lawsuit.

The plaintiff was required to demonstrate extreme bias by Judge Aaron in order to support his motion for disqualification, which was duly presented by the plaintiff on motion for reconsideration # 34.

The court order (doc# 37) held by Judge Furman is vexations [also attached as Exhibit G].

| | |
|---|---|
| The plaintiff identified that congress has provided the plaintiff with private right of action pursuant to 42 U.S.C. § 12188 (a), however such law and case citations were overlooked by Judge Aaron.<br><br>Plaintiff highlighted that it is reasonable for a disinterested observer to conclude that Deloitte Consulting LLP has indulged in both suppression of evidence and fraudulent concealment of material facts on this case.<br><br>(It must be noted that Deloitte has indulged in fraudulent concealment of material facts against the plaintiff and his lawsuit, and not against other employees who discriminated against the plaintiff in 2017 and 2018) [5]. | The case citation - Gertskis v. New York Dep't of Health & Mental Hygiene, No. 13-CV-2024 JMF, 2014 WL 2933149, at *6-7 (S.D.N.Y. June 27, 2014) has no relevance whatsoever with this case. As explained earlier, on the Gertskis case, Gertskis an employee who was discriminated by his employer New York Dept. of Health brought a wrongful termination case in 2008 which was dismissed in 2009. The Plaintiff again filed the lawsuit in 2013 without proper supporting evidence (as identified earlier) and his lawsuit was again dismissed in 2014 with a litigation bar on the exact same claims. This is not what we have here, and **there is no basis or relation of plaintiff's case with the Gertskis case**.<br><br>Judge Furman is further advised to refrain from citing **frivolous or baseless case citations** as identified on order# 31, 33 and 37. |

**Motion# 5:** Plaintiff's Motion to object (doc# 60) providing extra time to defendant Apple Inc, and plaintiff's subsequent Motion for Reconsideration (doc# 67) on similar issues

**Date Filed: 09/17/2021 and 10/01/2021**

---

[5] HR Professionals like Joanna or Brenda have no basis to file a lawsuit against Deloitte and extract money from Deloitte. The Second Circuit Court has previously held that - A supervisor can also be held liable under the NYSHRL "if that supervisor 'actually participates in the conduct giving rise to [the] discrimination.'" *Feingold v. New York, 366 F.3d 138, 157 (2d Cir. 2004) (quoting Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2d Cir. 1995)); see Tully–Boone v. North Shore–Long Island Jewish Hosp. Sys., 588 F. Supp. 2d 419, 425–26 (E.D.N.Y. 2008)*. It is also "an unlawful discriminatory practice 'for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or attempt to do so.'" *Feingold, 366 F.3d at 158 (quoting N.Y. Exec. Law § 296(6))*.

| Legal Basis of Plaintiff's Motion | Date / Reason for Denial |
|---|---|
| The plaintiff highlighted following pertinent facts or case laws to support facts and inferences: | **Date of Denial: 10/04/2021 (docket order# 68)**<br>**Reasons Presented:** |
| 1. Pattern of court / judgment dismissals, including plaintiff's dismissal at the US Court of Appeal for the Third Circuit. Such dismissals were held without any analysis, law or legal case citation. | The plaintiff's Motion was identified as "Frivolous". (*doc# 68*)<br><br>The Court Further stated that filing of baseless or frivolous Motions would result in a litigation ban, where the plaintiff would not be able to file new complaints without prior leave of court. (*doc# 68*) |
| 2. Plaintiff's evidence of threats made by defendant Joanna Rohde to a witness on the case, Dr. Niti Aggarwal (doc# 67, Exhibit H) | Judge Furman's Court clearly held the decision without analyzing the facts identified by the plaintiff on his Motion. |
| 3. Plaintiff's factual information that Deloitte intends to use a witness on the case, Kartherine Nelligan, against the plaintiff and Deloitte employee Kartik Nagaraja in order to prevail on their dismissal of gender discrimination or retaliation claims. | In addition, Judge Furman has failed to identify with sufficient specificity why or how plaintiff's filing was "vexatious". Unless the court provides sufficient reasoning based on facts or analysis, such generic statements do not add any value – they neither provide any guidance nor direction to the plaintiff or his lawsuits. |
| 4. Plaintiff's case law citation that defendant Deloitte Consulting LLP has incorrectly identified that there are no discrimination allegations on the complaint. | Furthermore, Judge Furman has failed to provide any reasonable discussion why a drastic remedy such as litigation ban should be imposed on the plaintiff. Judge Furman has also failed to identify |

5. Plaintiff's case law citation that defendant Deloitte Consulting LLP cannot use doctrines such as Res Judicata or Collateral Estoppel on the case

6. Plaintiff's inference that he is deeply prejudiced and will remain so because defendant Deloitte has indulged in Witness Tampering on the case, and has tried to influence multiple witnesses.

7. Plaintiff's case law citations that his hostile work environment claims, and negligence claims were previously incorrectly dismissed on his related lawsuit; and his aider and abettor claims, violation of New York Labor Law, Retaliation and Fraud claims were not even evaluated by the SDNY court and dismissed without evaluation.

8. Plaintiff has identified that there is a possibility of meeting of minds between Deloitte's business objectives, Deloitte HR Personnel, and Court Personnel, to reach an understanding that plaintiff's valid filings should be dismissed in order to provide immunity to Deloitte.

the target beneficiary for such court an order, which clear appear to be none other than defendant Deloitte Consulting LLP – a defendant who has willfully indulged in suppression of evidence and fraudulent concealment of material facts. Such biased orders by Judge Furman are deeply concerning.

It must be noted that defendant Deloitte has already made several discovery related mistakes on the *Shukla I* case, which are sufficient to toll the statute of limitations on the case.

Similarly, the US Court of Appeals for the Third Circuit granted defendant Joanna's appeal to dismiss the case for failure to file a brief, when in fact multiple motion for stays were pending on the court docket. The court overlooked the pertinent facts and case laws identified on plaintiff's motions, and held a decision without providing any law or legal analysis. Defendant Joanna failed to identify how she would be prejudiced with plaintiff's request for an extension to file his brief, however, the court in a clearly biased decision granted her motion without any analysis.

It appears that Joanna intends to protect herself from plaintiff's deprivation of civil rights claims pursuant to 42 USC 1983 and 1985, and is hoping that by such dismissals she would be able to avoid all liability by (a) male employees, (b) pregnant

|  | supervisor, and (c) her own colleague Brenda Arends |
|---|---|

**Supremacy Clause**, Article VI, Clause 2 of the United States Constitution: The presence of malice and the intention to deprive a person of his civil rights is wholly incompatible with the judicial function.

When a judge acts intentionally and knowingly to deprive a person of his constitutional rights he exercises no discretion or individual judgment; he acts no longer as a judge, but as a "**minister**" of **his own prejudices**. [386 U.S. 547, 568].

A **judge is liable** for injury caused by a ministerial act; to have immunity the judge must be performing a judicial function. See, e. g., Ex parte Virginia, 100 U.S. 339; 2 Harper & James, The Law of Torts 1642-1643 (1956).

Here, plaintiff has pleaded sufficient facts that provide a basis for Judge's Bias or Partiality towards him.

A federal judge is a federal judicial officer, paid by the federal government to act impartially and lawfully. State and federal attorneys fall into the same general category and must meet the same requirements. A judge is not the court. People v. Zajic, 88 Ill.App.3d 477, 410 N.E.2d 626 (1980).

Fraud Upon the Court is where the Judge (who is NOT the "Court") does NOT support or uphold

the Judicial Machinery of the Court. The Court is an unbiased, but methodical "creature" which is governed by the Rule of Law... that is, the Rules of Civil Procedure, the Rules of Criminal Procedure and the Rules of Evidence, all which is overseen by Constitutional law. The Court can ONLY be effective, fair and "just" if it is allowed to function as the laws proscribe.

Whenever any officer of the court commits fraud during a proceeding in the court, he/she is engaged in "fraud upon the court". In *Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985)*, the court stated "Fraud upon the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. ... It is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function --- thus where the impartial functions of the court have been directly corrupted."

"**Fraud upon the court**" has been defined by the 7th Circuit Court of Appeals to "embrace that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Kenner v. C.I.R., 387 F.3d 689 (1968); 7 Moore's Federal Practice, 2d ed., p. 512, ¶ 60.23*. The 7th Circuit further stated "a decision produced by fraud upon the court is not in essence a decision at all, and never becomes final."

**IV.     Fraud upon the court make each such biased Judgement entered by the court "Void"**

"Fraud upon the court" makes void the orders and judgments of that court. It is known that if the parties guilty of fraud in obtaining a judgement...it will deprive them of the benefit of it. *McDaniel v. Traylor, 196 U.S 415, 423.* Judgements held under such circumstances under the due process clause of the Fourteenth Amendment and upon principles of natural justice are absolutely void. *(see Simon v. Southern R. Co. 236 US 115 Supreme Court 1915).*

The Statute of Frauds define that in the event of fraud the Statute of Limitations, Collateral Estoppel, Res Judicata do not apply. Deloitte Consulting LLP defense attorneys, who are officers of the court, have been involved in the perpetration of fraud or have made material misrepresentations to the court.

The doctrine of equitable estoppel is available "where the plaintiff knew of the existence of his cause of action but the defendant's conduct caused him to delay bringing his lawsuit." *Dillman v. Combustion Eng'g, Inc., 784 F.2d 57, 60 (2d Cir. 1986); see Abbas, 480 F.3d at 642* (stating that equitable estoppel applies when a "**plaintiff was induced by fraud, misrepresentations or deception** to refrain from filing a timely action"). Under either doctrine, "[d]ue diligence on the part of the plaintiff in bringing an action . . . is an essential element of equitable relief." Abbas, 480 F.3d at 642.

On plaintiff's employment lawsuit, Deloitte has not only induced fraud, misrepresentations or deception, but have also ignored plaintiff's reasonable efforts for due diligence. Such malicious acts by Deloitte directly prejudice the plaintiff and his lawsuits (and are sufficient to invoke equitable estoppel) (*Exhibits K and L* provide the facts in support of plaintiff's position):

1. **Fraudulent concealment of material facts**: Deloitte Consulting LLP discriminated against the plaintiff on the basis of protected characteristics / factors of women without the knowledge of the plaintiff. The plaintiff was and is still unaware of the facts related to his wrongful termination based on such gender based protected characteristics. Deloitte and their HR official Joanna Rohde have concealed the identity and details of the pregnant female supervisor – and made multiple false representation by their Day Pitney attorney such as the parties did not meet and confer on the issue. The plaintiff has call voice record that clearly identify that plaintiff held a conference call with defense attorney on plaintiff's employment lawsuit. Since Deloitte discriminated against the plaintiff on the basis of his gender, such acts by the defendant provide a direct inference for such discrimination. Such claims were identified on "**Exhibit A**" on a motion currently pending before the court, and the plaintiff is directly prejudiced by defendant's malicious acts. Deloitte has a duty to disclose such facts.

Fraudulent concealment of material facts is sufficient to <u>toll the statute of limitations on a case</u>, and sufficient case law exists on the matter. For example, the diligence-discovery rule has been applied where a plaintiff demonstrates that his injury was inherently unknowable at the time he was injured, *Quinton v. United States, 304 F.2d 234 (5th Cir.1962)*, and where the Government conceals its negligent acts so that the plaintiff is unaware of their existence, *Peck v. United States, 470 F. Supp. 1003, 1018 (S.D.N.Y. 1979)*. In regard to the latter situation, "[r]ead into every federal statute of limitations ... is the <u>equitable doctrine</u> that in case of <u>defendant's fraud</u> <u>or</u> <u>deliberate concealment of material facts</u> relating to his wrongdoing, <u>time does not begin to run until plaintiff discovers, or by reasonable diligence could have</u>

discovered, the basis of the lawsuit." *Fitzgerald v. Seamans, 553 F.2d 220, 228 (D.C. Cir. 1977).*

2. **Suppression of Evidence**: Defendant Deloitte Consulting LLP and Joanna Rohde have not answered the plaintiff's valid discovery requests including request for production of documents and interrogatories served more than two years back in 2019. The defendant has not answered plaintiff's valid discovery requests as identified on [Exhibit C], also on doc# 245 of the court docket. Deloitte has concealed evidence related to the protected characteristics of women, which constitute suppression of evidence.

The defendant (Deloitte Consulting and Joanna Rohde) has clearly failed to disclose evidence favorable to the plaintiff, and such actions by the defendant undermine the outcome of plaintiff's litigation. Such actions by the defendant diminish their own credibility on plaintiff's employment lawsuit, and all related lawsuits. Such acts further diminish the credibility of defendant Joanna Rohde on this lawsuit, and support the fact that she acted knowingly and intentionally to create a fraudulent medical record for the plaintiff to diminish his legal actions against Deloitte and against her, specially given the fact that she tried to recruit the plaintiff into her malicious money laundering scheme.

3. **Tampering of Witnesses**:

Witness tampering occurs when a person "**knowingly** . . . **corruptly persuades** another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to - (1) influence, delay, or prevent the testimony of any person in an official proceeding." § 1512(b).

25

In addition, the special duty of an attorney to prevent and disclose frauds upon the court derives from the recognition that <u>perjury</u> is as much <u>a crime</u> as tampering with witnesses or jurors by way of promises and threats, and undermines the administration of justice. *See 1 W. Burdick, Law of Crime §§ 293, 300, 318-336 (1946).*

 

a. **Retaliation against the plaintiff and Tampering of Plaintiff as a Witness**: Based on the allegations identified on plaintiff's complaint alone, the plaintiff presets probable cause to believe that Deloitte Consulting LLP and Joanna Rohde committed the crime of witness tampering by harassing the plaintiff and attempting to influence plaintiff's testimony before the court and on court motions.

Furthermore, the defendant instituted recruitment fraud against the plaintiff, and ensured that the plaintiff is unable to secure an alternate full-time visa sponsored employment. The plaintiff's lawsuit against Apple Inc. and Deloitte (1:21-cv-03287-JMF) is just another example of witness tampering by Deloitte and Joanna Rohde.

b. **Retaliation against witnesses identified on plaintiff's complaint (Part 1):** The plaintiff has identified that Deloitte moved female employee Christina Young to another firm, and then provided false affidavits on court on her employment separation / termination date. The plaintiff has recorded calls with his previous attorney, Mr. Vandamme, on which Mr. Vandamme clearly confirms and reiterates his multiple conversations with defense attorneys, that Christina was still working at Deloitte during the summer of 2019, however, on court affidavits, motions and written discovery

document production to the plaintiff, the defendant misrepresented and falsified information by stating that Christina moved from Deloitte to another employer in early 2019.

Thus, one may safely infer that Deloitte Consulting LLP **corruptly persuaded** key witnesses and accused on the plaintiff's case, and female members of Deloitte Consulting LLP, as identified by the defendant on their multiple document production requests, coordinated with Christina Young on multiple such occasions, and engaged in misleading conduct towards the plaintiff, especially with effect to influence, delay or prevent the testimony of Christina. [***Exhibits K and L*** provide evidence in support of plaintiff's position]

c. **Retaliation against witnesses identified on plaintiff's complaint (Part 2)**: The firm terminated the employment of witness Brenda Arends in December 2020, and then rehired her in April 2021. Thus, by reoffering employment to Brenda Arends, it is safe to infer that Deloitte Consulting LLP corruptly persuaded a key-witnesses and accused on the plaintiff's case. [***Exhibits K and L*** provide evidence in support of plaintiff's position, **Exhibit K-Sub D**]

4. **Tampering of Evidence**:

On **Exhibit D**, the plaintiff has identified and provided evidence that support a case for evidence tampering. Specifically, Deloitte intends to conceal its own intentional concealment of material facts, and intentional assignment of negative performance rating under the

influence of human resource professionals. Plaintiff has not yet received his final project document submissions for his Pfizer project, and the plaintiff provides evidence which clearly state that Plaintiff's performance record for this very project was sabotaged by the defendant. Plaintiff's good performance and defendant's tampering of evidence is further supported by the fact that the Sr. Manager, Mr. McBrearty, again invited the plaintiff to again work for him in 2018 as identified on Exhibit D.

The issue of Christina Young, details of her employment with Deloitte and details of her separation as identified above is another example of tampering of evidence.

Be it fraudulent concealment of material facts, suppression of evidence, tampering of witnesses or tampering of witnesses, the plaintiff has demonstrated a "**reasonable probability**" of defendant's intentional malicious actions that is sufficient to undermine confidence in the judgements by the district court.

In this case, it is in the best interest of the plaintiff to identify each and every fraud incited by the defendant or their Department of Justice agents on the court. Each such Judgement entered to benefit or support the business interest of Deloitte Consulting LLP is nothing but "Fraud upon the Court", which not only deprive the plaintiff of his civil and constitutional rights, but also eventually deprive him of a favorable settlement with Deloitte once such claim is made. The plaintiff does not and will not support any attempts by the defendant or the Magistrate Judge to obtain a favorable Judgement by depriving the plaintiff of his rights or by committing fraud on the Judiciary.

For example, the plaintiff settles his employment lawsuit with Deloitte. However, 5-years from now, defendant former Sr. Manager Kartik Nagaraja, who is a witness on the case, files a lawsuit against Deloitte claiming that his supervisors (or Deloitte Leaders) leaked plaintiff's confidential medical information to him and asked him to knowingly assign the plaintiff a negative performance rating. However, Deloitte Leaders did not inform Mr. Nagaraja of their discriminatory motivation, that they asked Mr. Nagaraja to assign the plaintiff a negative performance rating because of a malicious sexual harassment allegation by a 62-year old and the existence of a pregnant supervisor.

A year after Mr. Nagaraja assigned a negative performance rating to the plaintiff, Mr. Nagaraja was terminated by Deloitte and moved to a different firm, and then retaliated against by the same set of HR officials over a period of 5-years. Since the pattern of Judgements clearly identify that the court has issued Judgements to support the business interests of Deloitte such that the very rights of employees like Mr. Nagaraja are denied, such acts not only provide Mr. Nagaraja an opportunity to cite fraud, but also provide him an opportunity to file a claim based on equitable tolling, suppression of evidence, and deprivation of civil and constitutional rights etc. Thus, any fraudulent act by the defendant or a biased court personnel supporting the business interests of Deloitte will forever entangle the plaintiff into lawsuits. Hence, it is in the **best interest of the plaintiff** to identify such acts early on, such that **Deloitte consulting does not abuse the Judicial machinery**.

**Since Breach of duty has been established by the plaintiff on his complaint, the burden of proof has long shifted to both Deloitte Consulting LLP and Apple Inc to prove that their**

**negligent actions were not the "but-for" cause of harm to the plaintiff:**

The supreme court of the United States as already presented its constitutional mandate in multiple causation cases such as this one. In multiple causation cases, where a breach of duty has been established, the common law of torts has long shifted the burden of proof to multiple defendants to prove that their negligent actions were not the "**but-for**" cause of the plaintiff's injury. See _Summers v Tice, 33 Cal. 2d 80, 84-87, 199 P. 2d 1, 3-4 (1948)_.

In this case, the plaintiff has established that Deloitte HR Joanna Rohde [6] influenced plaintiff's recruitment at Apple. She acted with intent and motive to deny the plaintiff his right to discrimination free full-time employment at Apple, in-coordination with Apple HR Caitie Wojdak. The above identified rule in defendant's tortious conduct combines with a force of unknown or innocent origin, such as the <u>pregnant supervisor</u> identified by the plaintiff on his complaint, to produce harm to the plaintiff. See _Kingston v. Chicago & N.W.R Co., 191 Wis. 610, 616, 211 N._ _W. 913, 915 (1927)_ ("Granting that the union of that fire [caused by defendant's negligence] with another of natural origin, or with another of much greater proportions, is available as a defense, the burden is on the defendant to show that … the FIRE SET BY HIM WAS NOT THE PROXIMATE case of damage").

---

[6] This is the same Joanna Rohde who called the plaintiff on facetime to recruit the plaintiff into her money laundering scheme. This is the same Joanna Rohde who conducted an incomplete & inconsistent investigation on (a) plaintiff's malicious sexual harassment issue filed by a woman twice plaintiff's age and (b) plaintiff's ethics complaint. This is the same Joanna Rohde who instituted recruitment fraud against the plaintiff, and maliciously influenced Dr. Aggarwal to enact a protected female characteristic. This is the same Joanna Rohde who has desperately harassed the plaintiff using biomedical manipulation

Previously, Magistrate Judge Aaron has not issued a subpoena to depose a key witness on the case, Dr. Niti Aggarwal, an action which amounts to abuse of discretion.

The plaintiff has alleged on his Fourth Amended Complaint (case# 1:19-cv-10578-AJN) that Deloitte government agent Joanna Rohde has constantly used facial recognition technology to mimic real-life individuals and harass the plaintiff. On this particular case, she has sent several messages to the plaintiff about a pregnant supervisor – specifically making invidious claims about this particular individual**.** Messages include "Pregnant Virgin gives Birth without having sex", as previously identified the several on plaintiff's court filings, for example, see doc# 245 on case# 1:19-cv-10578-AJN. **Defendant Joanna Rohde has personally confirmed** that she has manipulated plaintiff's internet content as identified by the plaintiff on several court filings.

Recent withdrawal of appearance by Day Pitney Attorney Gregory Tabakman, is a prime example of Deloitte Consulting LLP and Day Pitney's latest attempt to avoid liability on the pregnant supervisor. Specifically, the plaintiff over a recorded call in February 2021 requested Mr. Tabakman to provide such details. Later, Day Pitney further instituted fraud by sending Mr. Tabakman on a (likely fraudulent) paternity leave around the same time the discovery requests were due on court. These actions are specifically designed by the defense to save Deloitte and Day Pitney from potential lawsuits by the pregnant supervisor, however, such fraudulent acts can be cited by all others to highlight **the pattern of fraud** by Deloitte and Day Pitney.

On doc# 87 and 88 on the court docket, the plaintiff has clearly identified the reasons why his court filings were not made, and how or when his internet was sabotaged by Deloitte.

In addition, the court must note that by denying plaintiff's appeal on recusal of Judge Aaron on case# 21-254 and 21-557, the US Court of Appeals on October 27th 2021 erred by issuing a Mandate that plaintiff's appeal is invalid because it is not based on a final order. Interestingly, the this appeal was denied prior to plaintiff's due date for filing the fees on his appeal for Writ on Mandamus to disqualify Judge Aaron from this particular case. Now, given the fact that the previous appeal originated from the same court SDNY to US Court of Appeals for the Second Circuit, same as plaintiff's appeal to recuse Judge Aaron on this case, and given the fact that the appeals were filed under similar circumstances and under the same rationale or category, a different outcome on the exact same appeal cannot be expected. That is, the US court of appeals is liable for its **abuse of discretion** on plaintiff's cases 21-254, 21-557 and 21-895 on the related matters / related claims, and has shown **discriminatory motivation**. The US court of appeals **knew or should have known** that plaintiff's court appeals were correct, specific and valid (**as identified by plaintiff on doc# 87 on this case**).

Since this is a specific case of fraud on court, as identified previously on plaintiff's case, the court should **grant a stay** on the appeal filed by the plaintiff as well as **grant a stay on the filing fee** to be filed by the plaintiff on November 12th 2021, until the fraud on court is resolved. Specifically, in light of considerations of judicial economy, convenience and fairness to litigants, the court must allow the plaintiff not to waste his precious time and resources by filing an appeal on the exact same issue which was fraudulently or incorrectly denied by the Court of Appeals. The plaintiff retains the right to file this appeal in future, and given the specific aspects of fraud on court, the law allows the tolling of the statute of limitation for the plaintiff as well as the witnesses on this case. The plaintiff requests the court to refer to doc# 87 on the court docket for reference.

**Pattern of Baseless or Biased Decisions against the plaintiff:**

The plaintiff has recently received a series of baseless and biased denials at the following courts [7].

a.  **Southern District of New York: Each denial or dismissal at a minimum is an abuse of discretion**

> Case# 1:20-cv-05701-ALC: Dismissed prior to service to defendants
>
> Case# 1:19-cv-10578-AJN: Dismissed for failure to take deposition
>
> Case# 1:21-cv-03287-JMF: Failure to recuse, threats on the plaintiff

b.  **US Court of Appeals for the Second Circuit: Each denial or dismissal at a minimum is an abuse of discretion**

> Case# 21-254: Dismissal without allowing the plaintiff to file a reply to defendant's Motion
>
> Case# 21-557: Dismissal without allowing the plaintiff to file a reply to defendant's Motion
>
> Case# 21-895: Dismissal without allowing the plaintiff to file a reply to defendant's Motion
>
> Case# 21-2114: Valid documents being marked as defective filings, and Motion for extraordinary circumstances ignored or not considered by the court clerk even after repeated filings
>
> Case# 21-2441: Plaintiff's appeal filed under similar circumstances on a similar case (21-2114) had completely opposite orders, which represents bias and abuse of discretion by the court and court clerk. The orders can be identified as a clear effort to protect the business interests of Deloitte on the name of a pregnant supervisor.

---

[7] Presently, the abysmally poor-quality defendant DOJ officials and attorneys are rejoicing (but to their own dismay) that they have attained or provided immunity not only to their firm Deloitte Consulting LLP, but also to Judges like Nathan Alison. However, such ill-fated motivations continue to remain invalid.

c. **Eastern District of Pennsylvania: The denial of plaintiff's valid motions, dismissal of Capital Health Regional Medical Systems post a fraudulent Zoom video hearing orchestrated by the defense, or the dismissal of the case at a minimum is an abuse of discretion.** Case# 2:20-cv-05643-WB: Dismissal for failure to respond to defendant's motion to dismiss

d. **US Court of Appeals for the Third Circuit: The dismissal at a minimum is an abuse of discretion.** Case# 21-1411: Dismissed without any legal reference, legal analysis or citation.

e. **District Court of New Jersey: The dismissal of Case# 3:19-cv-18117-MAS at a minimum is an abuse of discretion**

The plaintiff's claims on the Appeals 21-2114, 21-2441, 21-254, 21-557 and 21-895 both under Federal and State Law were derived from a **common nucleus of operative facts**. The plaintiff requires additional space and word limit to clearly define the linkage, nexus and commonality between the Appeals. In *Gibbs case*, the Supreme Court has provided a clear mandate as follows:

> "Pendent jurisdiction, in the sense of judicial power, exists whenever there is a claim `arising under [the] Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority. . . ,' U. S. Const., Art. III, § 2, and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional `case.' . . . The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would

ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole." *383 U. S., at 725* (emphasis in original).

Since plaintiff's Fourth Amended Complaint on his employment lawsuit (case# 1:19-cv-10578-AJN as Shukla I, doc# 94-1) and request for Injunction relate to the substantive issues in the litigation, the court of Appeals has abused its discretion in denial of the complaint.

Similarly, abuse of due process and equal protection rights of the plaintiff is identifiable. Such court denials or dismissals are an open invitation to employees to challenge court decisions and claim retaliation against Deloitte.

Thus, a distant observer may carefully observe that in a **conspiracy to forever entangle the plaintiff into needless litigation**, identified Deloitte government agents like Joanna Rohde and Austin Perez have acted against the interest of the plaintiff and the judiciary. Incorrect or biased decisions held as a result of abuse of discretion, as evident from these Appeals, is a prime example of corporate influence on courts.

Because the dismissals were not only baseless, but also a clear violation of the rule of law, **the plaintiff is deeply prejudiced by such denials**. Such alleged acts against the plaintiff were done knowingly, purposely, and with all intentions to deprive the plaintiff of his civil and constitutional rights. The **judiciary has violated certain rules of professional conduct or ethics on each circumstance, and collectively such orders and pattern on denial amount to fraud**.

The fact on the above identified cases remains that on one end there is the formal United States Judicial or System, and each identified Judge or court clerk working within this legal system has entered a biased order against the plaintiff.

The fact remains that due to the presence of the following four (4) sets of employees <u>on one hand</u> (a) employees who discriminated or retaliated against the plaintiff, (b) employees who created a hostile work environment against the plaintiff, (c) employees who instituted recruitment fraud against the plaintiff, and (d) employees who instituted post termination retaliation and biomedical manipulation of the plaintiff, and the influence of Deloitte Department of Justice / state agents like Joanna Rohde and Austin Perez <u>on the other hand</u>, the Judges and Clerks working within the Judiciary have entered biased orders against the plaintiff with an understanding that the plaintiff should be denied his legal right to timely prosecute in order to save Deloitte from potential lawsuits. Such ill-settled actions and motivations specifically placed to help the business interests of a corporation above the rights of a pro-se plaintiff are deeply concerning.

Notably, in an ongoing pattern of abuse which amount to fraud, plaintiff's valid motions on this case and similar appeals, specifically cases **21-2114, 21-2441, 21-254, 21-557, 21-895** with the US Court of Appeals for the Second Circuit, and case **21-1411** with the US Court of Appeals for the Third Circuit were neither properly considered nor reviewed by the court clerk – such acts should be considered as apparent biased decisions.

Previously, in August 2020, the plaintiff filed a motion for expedited discovery and due diligence on his employment lawsuit case# 1:19-cv-10578-AN, doc# 64, 76. However, plaintiff's filing,

which contained 5000 or more words, was denied by Magistrate Judge Aaron within minutes (*id*). Witnesses like Kartik Nagaraja were transferred by Deloitte to another firm shortly thereafter. Based on this referenced decision alone, one distant observer may infer that Magistrate Judge Aaron had prior knowledge of Deloitte's business objectives, while another distant observer may infer that Magistrate Judge Aaron was negligent in reviewing plaintiff's valid filing, while a third distant observer may infer that Magistrate Judge Aaron continued his bias against the plaintiff post denying his valid claims such as gender discrimination and negligence claims identified on his Second Amended Complaint (SAC). Such instances support plaintiff's case for his recusal.

This denial is just an example of court bias. The bias runs deep and wide. One incidence alone can be considered coincidental; however, **a series of decisions are unlikely to be coincidental**. In fact, such decisions support plaintiff's claims that Joanna Rohde is indeed a government agent, and has indeed been influencing the courts. In fact, such instances provide direct evidence of why each of plaintiff's claims starting from claim# 18 deprivation of rights under 42 USC 1983 all the way upto claim# 26 of Recruitment Fraud on plaintiff's employment case (# 1:19-cv-10578-AJN, doc# 94-2) are valid and were wrongfully denied by none other than Judge Aaron.

Thus, **Judge Furman's recusal is as important as Aaron's recusal for this case**, for plaintiff's other pending cases including his employment lawsuit, and for dismissed cases.

The plaintiff would like to **further explain** by **another example on the matter**:

As identified by the plaintiff, Deloitte is trying to gain an unfair advantage over plaintiff's cases and his Whistleblower allegations.

Deloitte's objective is to protect the interests of the Financial Services Partners Boris Jonston and Michael Fernandez, who were **first in-line** to discriminate against the plaintiff, followed by Joanna Rohde, Christina Young and others.

In addition, the firm has ensured that identified employees on plaintiff's ethics complaint (Ashley, and Binu) and aider and abettor (Sriram Ramamurthy) are provided Judicial immunity and are sufficiently incentivized to support the business interests of Deloitte. However, the court must note that such employees, who retaliated against the plaintiff four (4) years ago, got incentives from Deloitte for four (4) years, got regular pay-checks and full-time employment benefits from Deloitte for four (4) continuous years, neither have a case for Judicial immunity nor should be provided any assistance by the courts regardless of their affiliations, inclinations or alliances [8].

In early 2018, Deloitte performed and incomplete and inconsistent investigation on plaintiff's ethics complaint, and thereafter promoted Mr. Binu Janardhanan in May 2018 and sponsored his

---

[8] The plaintiff filed his lawsuit in 2019, two months after termination. Fraud on court has been orchestrated by Deloitte against the plaintiff, or his friends and family, and not against employees who were continued to be paid by Deloitte on full-time basis or were transferred by Deloitte to other firms. Thus, other employees identified in plaintiff's lawsuit, such as Joanna Rohde or Brenda Arends, have no right to file a lawsuit against Deloitte in order to extract some money from the firm, especially when 4-years have passed post their discriminatory acts.

If they were to file a claim against Deloitte, at the very best, such employees could have come forward in mid-2020 when the plaintiff exposed the malicious practices of Deloitte, and identified bias by Magistrate Judge Aaron. However, in December 2021 and going into 2022, no such statute of limitations exist for such employees.

MBA education. In addition, Ashley Scorsatto [9] was also promoted, and upon knowledge and belief, was recently transferred another firm. The move was made with the help and coordination of Deloitte transition coach Aileen Baxter – an aider and abettor on the case. The facts provided by Deloitte identify that Joanna Rohde guided **Ashley Scorsatto** and **Binu Janardhanan** to further discriminate or retaliate against the plaintiff and misstate facts about the plaintiff under the color of law.

Previously, on plaintiff's employment case, several facts requested by the plaintiff on such matters were not answered by defendant Deloitte Consulting LLP during discovery. In addition, Magistrate Judge Aaron abused his discretion by not approving the plaintiff's valid discovery requests by which plaintiff could establish tampering of evidence, witnesses, or fraud by Deloitte.

In fact, Deloitte has periodically transferred employees from their firm – starting with Christina Young to Anand Sairam in <u>2019</u>, Kartik Nagaraja to Brenda Arends (rehired) in <u>2020</u>, Ashley Scorsatto in <u>2021</u> and so on, to influence the courts to delay or deny valid Judgements in favor of the plaintiff. This **inference alone is sufficient** to toll the statute of limitations on each and every case filed by the plaintiff, and provide the plaintiff and his friends and family sufficient ammunition to file lawsuits against Deloitte.

The court must note that the plaintiff was singled out and targeted by these very individuals for exposing their own discriminatory or retaliatory acts, and such individuals were further helped

---

[9] Deloitte employees identified on plaintiff's ethics complaint - Ashley & Binu - were helped by Senior Manager Sriram Ramamurthy. There are two issues here – leaking of plaintiff's ethics complaint to Ashley and Binu, and fraudulent use of such employees by Joanna Rohde to retaliate against the plaintiff under the color of law.

by Deloitte **aider and abettor Joanna Rohde and Brenda Arends** who further guided them to discriminate against the plaintiff under the color of law.

**Attempts to suppress direct evidence which support plaintiff's claims, disqualification of Judge, and plaintiff's inability to pay filing fee on time**:

As identified previously (doc# 79), the plaintiff notified this court that a similar appeal on case# 21-2441 was dismissed under similar circumstances by the same court. **Specially the court has overlooked the evidence provided by the plaintiff, evidence that directly establish the reasons why each of his claims are valid, how Judge Furman has abused his discretion, and why Magistrate Judge Aaron should be disqualified** *(see doc# 46, 51, 63, 66, 68, 71, 74, 76, 79 and 83 on court docket)*. Such denials directly support the business interests of Deloitte.

**Thus**, no Judicial interests are served by denying plaintiff's valid appeals or court requests. The court must not issue a mandate dismissing the Appeal. Ideally, given the ongoing fraud identified by the plaintiff on his unemployment benefit since March 2021, the court should have granted the plaintiff an exemption from filing the filing fee for this appeal, and should not have dismissed the appeal under any circumstances.

The court still has time to rectify its errors, and reinstate both this appeal (**case# 21-2114**) and similar case filed under similar circumstances (**case# 21-2441**) with this US Court of Appeals for the Second Circuit. As a matter of fact, the pattern of denial identified on cases (**21-254, 21-557**

**and 21-895**) must also be rectified, along with case# **21-1411** at the US court of Appeals for the Third Circuit.

As identified previously, in an apparent effort to protect and save the business interests of a fraudulent Defendant Deloitte Consulting LLP, inconsistent and inappropriate decisions have been identified on each of these cases.

Due to the above identified reasons, the court must consider the fact that (a) the plaintiff previously timely filed the filing fee on his cases each and every time, and (b) the judiciary has denied plaintiff's valid complaints without proper analysis.

A distant observer may easily infer that these court cases have obviously been denied to support the business interest of the firm Deloitte Consulting LLP.

**V.   Joanna Rohde has called the plaintiff on video, has requested the plaintiff to partake in her money laundering scheme**

As identified previously, and also based on the supporting evidence provided to the defendant Deloitte Consulting LLP, Joanna Rohde has called the plaintiff on video (using facetime zoom connector), and has requested the plaintiff to partake in her money laundering scheme in exchange for a favorable settlement on the lawsuit. She has identified herself as a department of justice official / secret service agent. She has also identified that she will be partly using the funds to sponsor her teenage daughter's admission to the Southern University of California. Such ridiculous behavior and ill-conceived notions based on delusional dreams must be noted by the court. The

plaintiff has already partly identified such acts on his Fourth Amended Complaint filed in September 2020.

**Presumption of Regularity on Joanna's case**: The Supreme Court and the Second Circuit have issued guidelines on issues like "*presumption of regularity ... in the absence of clear evidence on the contrary*" United States v. Armstrong 517 U.S 456, 464 (1996) (quotations omitted). The plaintiff has alleged that defendant human resource professional Joanna Rohde has identified herself to the plaintiff has a Department of Justice / government agent. In addition, the plaintiff has identified that defendant Joanna Rohde uses an alias to conceal her identity on his court motion papers.

As correctly established, such malicious acts by Deloitte support plaintiff's case for an injunction against Deloitte, and subsequent prosecution of Deloitte HR Joanna Rohde. She intentionally created a fraudulent medical record against the plaintiff, and was helped and supported by her husband who was physically present at the facility for a period of 2 or more days (**Case# 2:20-cv-05643-WB**). Defendant **Capital Health Regional Medical Center** has been properly served and has already has supporting evidence on this matter.

A distant observer may infer that this is a story of a husband trying to aid and abet his wife to further her money laundering scheme [10].

---

[10] A distant observer would state that these law enforcement professionals abuse their position and power for their personal benefit, they should be immediately be discharged of their duties. They are not fit to hold such positions.

The plaintiff has alleged that the defendant has coordinated or acted in collaboration or in concert with State agents to deprive the plaintiff of his constitutional or statutory rights. The plaintiff has provided over 250 documents that support his claims. However, the defendant has not identified clear and convincing evidence on the matter to overcome the presumption of regularity.

Under vicarious liability doctrine, Deloitte directly assumes liability for employees like HR and DOJ agent Joanna Rohde, who indirectly become a party to the lawsuit. The plaintiff has evidence against Defendant's arguments identified on Page# 5 of their brief (as provided on plaintiff's motion for stay exhibits), thus **Deloitte Consulting LLP has again indulged in fraud on court**. Defendant HR Joanna Rohde is a DOJ agent, she has **personally argued to impose (or boast) that she is influencing the courts**, and **she has threatened the plaintiff** with severe consequences if the plaintiff does not enjoin her malicious money laundering scheme.

Joanna Rohde has personally identified herself as a DOJ / government agent and Mr. Austin Perez as a law enforcement official, and that she uses an alias. This **small fact** provides a nexus to the larger series of biased orders against the plaintiff issued by the court, or a common pattern of fraud on court or suppression of evidence by the defendant Deloitte Consulting LLP.

Such arguments are based on facts, and not any "inflammatory slanderous diatribe" as identified by defendant, and there is **no vexatious or inappropriate behavior** by the plaintiff as (a) there exist a clear pattern of biased orders against the plaintiff, (b) the court has entered orders against the plaintiff and for defendant Deloitte Consulting LLP without any trial or Jury deliberations, (c)

the court does not have the authority to deny such arguments made by the plaintiff before proper discovery and due diligence is conducted (which was not the case), and (d) the arguments made by the defendant or the citations made by the court are insufficient or are paraphrased to provide an inaccurate picture of plaintiff's valid motion filings. The plaintiff has every right to stand against defendant Deloitte Consulting LLP's abuse of the Judicial System, and Magistrate Judge Aaron's series of biased court decisions which have led plaintiff's appeal for his disqualification from the case.

Since under Federal Laws 42 USC 1983, a claim based on state law in New York, the limitations period is three years (*Vega vs. Hempstead Union Free Sch. District, 801 F. 3d 72, 79 (2nd Cir. 2015)),* one may infer that both Deloitte Consulting LLP and Joanna Rohde are trying to mitigate their risk on the issues identified on plaintiff's Fourth Amended Complaint (FAC) [11] from current or former employees identified on plaintiff's employment lawsuit. One may **reasonably infer** that Plaintiff's Fourth Amended Complaint contains sixteen (16) or more claims that were **intentionally denied** by Judge Aaron to provide Judicial immunity to the defendant and their designated government agent.

Post termination Retaliatory action by defendant Deloitte Consulting LLP in response to (a) plaintiff's participation in a protected activity, (b) discrimination investigation and/or

---

[11] To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face*". Ashcroft vs. Iqbal, id at 579, 127, S. Ct 1955, L. Ed. 2d 868 (2009)*. Plaintiff's FAC contains such facts. Also note that FAC is currently pending appeal.

proceeding constitute an "*impermissible reason to treat the plaintiff differently*" and amounts to "*witness tampering*".

## VI.   Court's baseless order potentially barring the plaintiff from Future Litigation is meant to support the malicious act of Deloitte Consulting HR professionals:

**<u>First</u>**, the plaintiff has already provided a notice to Judge Aaron, that the plaintiff would be filing a lawsuit against him. In due course, Judge Aaron will be forced to reverse all his previous biased decisions, with or without his liking. Based on the pattern of decisions, a rational observer may conclude that the Judiciary has taken a stand to deny all of plaintiff's valid motions before the end of August 31st 2021, one-year period post the transfer of key witnesses from Deloitte. Such act is sufficient to demonstrate ongoing fraud.

**<u>Second</u>**, based on plaintiff's allegations on this lawsuit and his employment lawsuit, it is clear that Deloitte Human Resource professionals are the source, driver and influencers on the discriminatory and retaliatory acts against the plaintiff. These Deloitte Human Resource professionals intend to use these very biased, threatening and baseless orders, such as the one produced by Judge Furman (***doc# 37***) on current and future litigations against the plaintiff. One example of such Lawsuit is the Rule 60 Motion filed by the plaintiff recently on case# 1-20-cv-05701-ALC [12]. Joanna Rohde and Judge Aaron have used the 05701-ALC lawsuit as a template to

---

[12] On the final order that was challenged by the plaintiff, Judge Carter mentioned that employment discrimination claims set forth in this complaint are dismissed without prejudice. The plaintiff has filed a Rule 60 Motion currently pending before the court.

deny plaintiff's Fourth Amended Complaint on his employment lawsuit, and deny plaintiff's private right of action identified by the congress. Such abuse of discretion must be challenged in court, and will be challenged by the plaintiff, or for that matter by any rational individual just like the plaintiff; biased court decisions meant to support the business interests of a corporations do not

**Third**, Deloitte Consulting LLP human resource professional, Joanna Rohde, who has claimed to be a department of Justice official, has best interests in invoking Res Judicata defense and has best interests in revoking plaintiff's future lawsuits. The plaintiff understands the situation, and has already clearly **raised the issue of filing an amended complaint** previously on his employment lawsuit. She has confessed her crimes to the plaintiff, and has boasted that the plaintiff will not be able to do anything about them, and the pattern of court orders **suggest** that she is abusing the judiciary for her own benefit.

## VII.    Continuing Pattern of Fraud on Court:

The clerk of the court must also note that **a continuing pattern** of abuse of judicial resources, and abuse of judiciary to serve the business interests of defendant Deloitte Consulting LLP has been identified in multiple cases filed by the plaintiff. Defendant Deloitte and their Department of Justice agents appear to have influenced the court clerks so as to deny plaintiff's valid filings, and force the plaintiff to file an appeal or a motion for reconsideration, and thus, provide Deloitte immunity within a specific period of time.

Notably, Deloitte Sr. Manager Mr. McBrearty suffered a heart attack in 2018, and Kartik Nagaraja and Brenda Arends are linked to the issue. In early 2020, Joanna Rohde has threatened the plaintiff on the exact same issue and is maliciously involved on the case. Suddenly after the plaintiff identified or filed such facts again in 2021 on a court motion, HR Brenda Arends's Linkedin status was pre-dated and changed. Such acts provide an inference of her involvement and collaboration with Joanna Rohde. Such acts by Deloitte have been partially identified on case# *1:19-cv-10578-AJN* court docket. Since **<u>fraud</u>** has been instituted, such pattern of biased orders immediately become **<u>invalid</u>** or **<u>moot</u>**.

It also appears that Deloitte Consulting LLP and their DOJ agents are trying to influence this case docket, and are trying to dismiss plaintiff's valid motion for disqualification of Judge Furman in a conclusionary order without due consideration of the facts identified by the plaintiff, and without due consideration of case law in support of such facts.

Respectfully Submitted,
**Ashu Shukla**
*_s_ashu shukla*
*Plaintiff*
202 Salem CT, Apt#11
Princeton, NJ 08540
ashu.shukla@gmail.com

Date: 12/17/2021

*Enclosed*: Exhibits