UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                        :
ASHU SHUKLA,                                                            :
                                                                        :
                              Plaintiff,                  :
                                                                        :         21-CV-3287 (JMF)
            -v-                                                      :
                                                                        :       MEMORANDUM OPINION
APPLE INC., et al.,                                                     :           AND ORDER
                                                                        :
                          Defendants.                :
                                                                        :
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       On February 7, 2022, Plaintiff Ashu Shukla filed a letter stating that he "hereby abandons this case." ECF No. 114. Treating the letter as a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i), the Court endorsed the letter on February 9, 2022, dismissing the case and directing the Clerk of Court to close it. *See* ECF No. 116. Earlier today, Plaintiff filed a motion for reconsideration, explaining that he had a change of heart because, among other things, he "learned that closure of the case will automatically provide immunity to Deloitte Consulting LLP." ECF No. 118, at 2; *see also* ECF No. 117.[1]

       Plaintiff's motion for reconsideration is DENIED. Plaintiff does not (and could not) take issue with the Court's treatment of his letter "abandon[ing]" this case as a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i). It is well established that such a notice is "self-executing and effective immediately" — even without a court order. *Alix v. McKinsey & Co.*, 470 F. Supp. 3d 310, 317 (S.D.N.Y. 2020); *see, e.g.*, *De Leon v. Marcos*, 659 F.3d 1276, 1283

---

[1] Plaintiff's motion also asserts that "there was no order by the Judge on this matter" directing the Clerk of Court to close the case. ECF No. 117, at 2. That is immaterial for reasons discussed below, but, in any event, it is also flat wrong. *See* ECF No. 116.

(10th Cir. 2011) ("A stipulation of dismissal filed under Rule 41(a)(1)(A)(i) or (ii) is self-executing and immediately strips the district court of jurisdiction over the merits."). Moreover, "'notices of dismissal filed in conformance with the explicit requirements of Rule 41(a)(1)(A)(i) are not subject to vacatur,' except in certain rare circumstances — not present here — 'where the merits have been brought before the court before the filing of either the answer or a motion for summary judgment.'" *Alix*, 470 F. Supp. 3d at 317 (quoting *Thorp v. Scarne*, 599 F.2d 1169, 1176 (2d Cir. 1979), and then *Champions League, Inc. v. Big3 Basketball, LLC*, No. 17-CV-7389 (LTS) (KHP), 2018 WL 5619973, at *4 (S.D.N.Y. Sept. 17, 2018)).

In short, Plaintiff's change of heart is not a valid basis for reconsideration. Accordingly, his motion for reconsideration is DENIED as meritless and the case remains closed. As noted in the Court's February 9, 2022 endorsement, the Court retains jurisdiction to decide whether sanctions or a litigation bar should be imposed. *See* ECF No. 116. at 2. The Clerk of Court is directed to terminate ECF No. 117.

SO ORDERED.

Dated: February 10, 2022
    New York, New York
                                        _____
                                        JESSE M. FURMAN
                                        United States District Judge